[S. F. Nos. 1343, 2213.   Department One.—July 18, 1900.]

## J. F. COONAN, Respondent, v. J. LOEWENTHAL, Appellant.

PLEADINGS—AMENDMENT OF COMPLAINT AT TRIAL—CHANGES MADE IN ORIGINAL COMPLAINT—CONSENT OF COUNSEL.—Where the complaint was allowed to be amended at the trial, which was made by oral consent of the defendant's counsel in presence of the court, by changing a figure in the original complaint, so as to increase the amount of money sued for in one count of the complaint, and amending the prayer accordingly, it being agreed that the answer should stand as the answer to the complaint as amended, the defendant is bound by such consent, and cannot afterward object to the regularity of the amendment.

ID.—REPRESENTATION OF CLIENT BY ATTORNEY—WORDS AND ACTIONS IN PRESENCE OF COURT.—Where a party appears by attorney, the attorney has the control and management of the cause, and his words and actions in the presence of the court concerning the trial of the cause are the same as though said and done by the party himself.

ID.—CODE RULE AS TO STIPULATION — ORAL CONSENT TO ACT PERFORMED—FRAUD NOT PERMITTED.—Where oral consent in the presence of the court has been given by the counsel of one party to an act fully performed by opposing counsel, the power given to the attorney to bind his client by stipulation made under section 283 of the Code of Civil Procedure cannot be invoked as intended to work a fraud upon the opposite party.

ID.—MOTION TO CORRECT RECORD PENDING APPEAL — RESCISSION OF AMENDMENT.—A motion made by a substituted attorney of the defendant pending his appeal, to correct the record by striking out from the complaint the words and figures allowed to be inserted therein at the trial by consent of defendant's former attorney given in open court, is in effect to rescind the former action of the court in allowing the amendment, to the prejudice of the plaintiff, without fault on his part being shown, and is properly denied.

ID.—REVIEW UPON APPEAL — INSUFFICIENCY OF EVIDENCE.—Where an appeal from the judgment is taken more than sixty days after the entry of the judgment, the question whether the evidence is insufficient to support the judgment cannot be considered upon such appeal; and where the ground of insufficiency of the evidence was not urged or considered on the hearing of the motion for a new trial, the review upon appeal from the order denying the new trial will be confined to the errors urged and considered by the court below.

ID.—ACTION BY ATTORNEY FOR SERVICES—EVIDENCE—CROSS-EXAMINATION OF PLAINTIFF.—In an action by an attorney for services rendered to

the defendant, where the plaintiff had given no testimony in chief upon the first count of his complaint, the defendant may properly be refused the privilege of cross-examination thereupon, in reference to matters not appearing to be material to the case.

ID.—ADMISSION OF DOCUMENTARY EVIDENCE—PREJUDICE NOT SHOWN IN RECORD.—Evidence of a contract between the defendant and trustees for his creditors, admitted for the plaintiff, is not shown to be prejudicial where the contract is not set out in the record nor its contents or materiality shown therein.

ID.—VALUE OF SERVICES—EXPERT EVIDENCE—BASIS FOR HYPOTHETICAL QUESTIONS—QUESTION FOR JURY.—Expert evidence of attorneys as to the value of the professional services rendered by the plaintiff as attorney for the defendant may be properly admitted in answer to hypothetical questions based upon the admitted allegations of the complaint, and the evidence given for the plaintiff. Whether the evidence for the plaintiff is true is a question for the jury to determine.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial. E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

J. W. Turner, and Chamberlin & Wheeler, for Appellant.

S. M. Buck, Buck & Cutler, and J. F. Coonan, for Respondent.

VAN DYKE, J.—On the trial of the main case (S. F. No. 1343) plaintiff's counsel asked leave of the court to amend his complaint in certain particulars, and, there being no objection, the court allowed the amendment to be made. The amendment consisted in changing one to four in the second count, so that the claim for services would be four thousand seven hundred and fifty dollars, instead of seventeen hundred and fifty dollars, and the prayer of the complaint was also amended to correspond with such change. The amendment was made on the original complaint on file, by writing over the former words and figures the substituted words and figures. The trial of said action resulted in a verdict for the plaintiff in the sum of five thousand dollars. A motion for a new trial was made on a bill of exceptions, which motion was denied. Thereupon the

defendant appealed from the judgment and order denying a
new trial. The transcript on said appeal was filed in this court
March 2, 1898, and thereafter in due course the opening brief
on the part of the appellant and the brief of the respondent
were filed, and the reply brief of appellant was filed May 31,
1898. Up to this time the defendant and appellant had been
represented by Chamberlin and Wheeler as his attorneys. In
October, 1898, additional points and authorities were filed on
the part of the appellant, who was then represented by J. W.
Turner in place of his former attorneys. Thereafter, while the
case was still pending here, in December, 1899, the defendant
and appellant, through his substituted attorney Mr. Turner,
moved the court below to correct the record by striking out the
words and figures inserted by way of amendment in the original
complaint, and restore the former words and figures, on the
ground that the said amendment was not properly authorized.
The court below denied the motion to amend and correct the
record, and from that order the defendant took an appeal, be-
ing case No. 2213. On the hearing of the motion to amend the
record it appeared, both from the rough minutes, and as entered
into the book of permanent minutes, that by consent plaintiff
was granted leave to amend his complaint herein by inserting
the word "four" in lieu of "one" on page 3 of said complaint
after the word "of"; also, by inserting the figure "4" in lieu of
"1" after the word "dollars." Mr. Buck, one of plaintiff's at-
torneys, also testified that he called Mr. Chamberlin's attention
to the fact that he desired to make the amendment, and when
they came into court, and before the trial commenced, he asked
leave of the court to make such amendment, and that he then
made the amendments and showed them to Mr. Chamberlin,
and he consented to them, and that the motion was granted
with his consent.

A mere statement of the case would seem to dispose of this
appeal. However, appellant's counsel presses the matter with
such earnestness as to require, perhaps, some notice of his con-
tention. It is a common occurrence for the trial court to allow
pleadings to be amended both before and during the trial of a
cause, on the consent of the opposite party, or without such
consent on a proper showing, where it can be done without ma-

terial prejudice to the other side. Such practice may and generally does facilitate the disposition of business. In this case to have continued the trial to allow the complaint as amended to be engrossed and copied, served on the adverse party, with time allowed to file an amended answer thereto, would have served no useful purpose. The amendment could as well be made then and there on the original complaint, and the answer on file stand as the answer to the complaint as amended, and the trial proceed, as was done. This being so, it is too late for the party who consented to the amendment, or made no objection thereto, to raise any question as to its regularity. A party may appear in person or by attorney, but when he appears by attorney the latter, while acting as such, has control and management of the case, and his sayings and doings in the presence of the court concerning the trial of the cause are the same as though said and done by the party himself. (*Board of Commrs. v. Younger,* 29 Cal. 149[1]; *Mott v. Foster,* 45 Cal. 72; *Wylie v. Sierra Gold Co.,* 120 Cal. 486; *Crescent Canal Co. v. Montgomery,* 124 Cal. 135.) Conceding, as claimed by appellant's attorney, that the provisions of the code as to the mode in which an attorney may bind his client by stipulation (Code Civ. Proc., sec. 283) are like the statute of frauds, still that does not aid him. Where by the statute of frauds certain contracts are declared void unless in writing, it has always been held that performance, or even part performance, of the agreement takes the case out of the operation of the statute. Otherwise, as said, instead of the statute being one to prevent frauds, it would afford the means for perpetrating frauds. After the trial and judgment, and pending an appeal from such judgment, and order denying a new trial, the court below very properly refused to grant the motion in question, which in effect would have been to rescind its former action to the prejudice of plaintiff, without fault on his part being shown. (See *Smith v. Whittier,* 95 Cal. 279.)

In case No. 1343 the appeal is taken from the judgment and order denying a new trial, and both cases were argued and submitted together.

---

[1] 87 Am. Dec. 164.

The appeal having been taken more than sixty days after the entry of judgment, the question whether the evidence is sufficient to support the verdict cannot be reviewed on such appeal from the judgment. (Code Civ. Proc., sec. 939.) The appeal from the order denying a new trial presents very few questions. The motion was based on two grounds only, to wit, errors of law occurring at the trial, and that the evidence did not sustain the verdict. On the hearing of the motion, however, only the questions of errors of law occurring at the trial were urged or considered by the court below. Among the assigned errors are:

1. That the defendant was not allowed to cross-examine the plaintiff while on the stand. Defendant's counsel called the attention of the plaintiff on cross-examination to an exhibit in reference to his charge for services in *Loewenthal v. Robinson,* and was interrupted by the judge, who asked whether he proposed to interrogate the witness in regard to that, whereupon defendant's attorney stated what he proposed to ask the plaintiff, which offer the court denied, "upon the ground that the plaintiff in this case has offered no evidence whatever upon the first count of that complaint. There is, therefore, nothing before the court in relation to that count or those items; but, however, when you reach your defense, if those items are involved in what you term to be an open, mutual, and current account, it would then become competent." It does not appear that the question sought to be asked the witness on cross-examination related to matters on which he had testified in chief, or that the matter sought was at all material, and therefore the defendant's right of cross-examination was not, as he claims, prejudiced.

2. Appellant further contends that the court erred in permitting plaintiff while on the stand as a witness to produce and read, over the objection of defendant, his former client, a certain contract or agreement with Hyman & Weil, trustees for creditors; but the agreement is not set out in the record, nor is there anything to show what its contents were, or that it was in any way material. If it were conceded, therefore, which it is not, that errors occurred in the respects above noticed, the court would not be justified in disturbing the judgment on that

ground, inasmuch as it does not appear that they were preju-
dicial errors, or that the appellant has sustained any injury
therefrom. (Code Civ. Proc., sec. 475.)

.3. The action was for professional services as an attorney,
and on the trial the plaintiff, to prove the value of his services,
called as expert witnesses a number of members of the bar, and
put to them certain hypothetical questions as a basis from
which to estimate the value of such services. These questions
assumed certain facts, and the questions were similar as put to
each of the witnesses. The following is given in appellant's
brief as a sample of the questions propounded to said witnesses:
"Suppose that defendant was carrying a stock of goods of over
one hundred thousand dollars and was financially embarrassed,
having liabilities of about sixty thousand dollars, and but little
ready money, and had employed plaintiff as his legal adviser,
with constant daily communications between them, by the way
of advice, drawing papers, etc., for about thirteen months, and
by such labors saved defendant thirty thousand dollars to fifty
thousand dollars; suppose that at the end of those thirteen
months defendant should have reached a position where his
indebtedness had been reduced forty-eight thousand dollars,
and his stock amounted to seventy thousand dollars, and he
was comparatively easy and worth fifty thousand dollars as the
result of plaintiff's labors." Appellant's contention is quite
correct that hypothetical questions should be based upon the
testimony of witnesses or other competent testimony tending
to prove a fact; that every hypothesis contained in the ques-
tion should have some evidence to sustain it. The record,
however, shows that the conditions required as the basis of the
questions existed in this case. It is averred in the complaint
that the defendant on September 1, 1894, was engaged in
carrying a stock of over one hundred thousand dollars, with
stores at Eureka, Arcata, and Ferndale, in Humboldt county,
which is not denied by the answer. It is also averred in the
complaint, and not denied in the answer, that on said date
the defendant had liabilities of sixty thousand dollars and but
little ready money. It is also averred and not denied, but ad-
mitted in the answer, that from September 1, 1894, to Septem-
ber 29, 1895, the plaintiff was employed as a legal adviser of

the defendant.  It is further averred in the complaint that as such attorney plaintiff acted for thirteen months, holding daily consultations and giving advice, and drawing up legal documents, and that he went to San Francisco for and constantly guided the defendant.  It is denied by the defendant that his services were daily or constantly rendered, or to the degree and amount stated in the complaint.  But evidence was introduced before the hypothetical questions were propounded tending to support the allegations of the complaint in this respect.  It is averred in the complaint that the services of the plaintiff for the defendant resulted in saving to the defendant nearly fifty thousand dollars.  The answer does not deny the saving of the fifty thousand dollars, but denies that it was effected by the plaintiff's services.  The answer admits that the defendant was financially embarrassed, and it was in evidence that he considered himself a ruined man in October, 1894.  The testimony in at the time tended to show that the plaintiff was the sole guide and adviser of the defendant in the different moves made to save him; that from the condition of insolvency, within the period of thirteen months he had become solvent, and had some seventy thousand dollars of assets and only ten thousand dollars of debts; and the plaintiff had testified that it was through his exertions and efforts that this favorable change had been brought about.  Whether this was so or not was a question for the jury to determine, but the evidence in, with the admissions in the pleadings, were sufficient as a basis for the hypothetical questions.

These are the only material errors assigned and relied upon by appellant's counsel on appeal.

The order refusing to correct the record (case **No. 2213**) is affirmed.  The judgment and order denying a new trial in the main case (No. 1343) are also affirmed.

Harrison, J., and Garoutte, J., concurred.