RUBIO ET AL., PLAINTIFFS AND APPELLANTS, *v.* GARAGE MAYA-GÜEZ, INC., DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 1361.—Decided March 14, 1916.

PLEADING—CONSTRUCTION.—The averment of a pleading should be construed most strictly against the one who makes it.

NEGLIGENCE—AUTOMOBILE—COMMON CARRIERS.—When a special contract of carriage is alleged in an action charging negligence in driving an automobile and there is no averment that the defendant is a common carrier, an attempt in the complaint to charge the special act of negligence militates against the common carrier theory.

ID.—BAILMENT FOR HIRE—AUTOMOBILE GARAGE—LIVERYMAN—DUTY OF CARRIER—ORDINARY CARE.—Where the contract is an ordinary bailment for hire, as is usual with automobile garages and livery stables, the duty of the carrier is to use ordinary care.

ID.—COMMON CARRIER—DEGREE OF CARE—RES IPSA LOQUITUR.—When the carrier is a railroad, a street railway, a steamboat, a stage coach, or a person dedicated to the public service and offering to take all comers, a higher degree

of care is exacted, and the maxim of *res ipsa loquitur* is frequently applied on the theory that such carriers, having control and knowing the machinery of the vehicle and the road, will be in a position to explain the accident and are thus charged by the law with the duty of having such knowledge.

ID. — CHAUFFEUR — AUTOMOBILE — CONDITION OF DRIVER — CONTRIBUTORY NEGLIGENCE.—Even when the proof shows that the *chauffeur* committed an act of negligence in continuing the journey while in a worn-out condition, which was the principal cause of the accident, if a passenger insist upon his continuing the journey notwithstanding the worn-out and extremely sleepy condition of the driver due to the fact that he had very little rest on account of the insistence of the passenger, the latter is guilty of contributory negligence.

EVIDENCE—EXPERT TESTIMONY—HYPOTHETICAL QUESTION—OBJECTION.—A question put to a witness testifying as an expert may be objected to when the witness has not qualified as an expert and the question does not state concrete facts proved at the trial in hypothetical form calling for the opinion of an expert.

ID.—WITNESSES—CONTRADICTORY STATEMENTS.—A party has a right to contradict his own witness by virtue of section 156 of the Law of Evidence, but he must show clearly the purpose of his question by indicating to the witness the details of his previous alleged inconsistent statements.

ID.—ADMISSION BY EMPLOYEE — EXCEPTION TO RULE—HEARSAY EVIDENCE — CUMULATIVE EVIDENCE.—Admissions of an employee of the defendant are material and competent and are an exception to the rule of hearsay evidence even when the employee is in court ready to testify, but it must be shown that the testimony is essential and relevant to the issue.

ID.—ERROR—APPEAL—DUTY OF APPELLANT.—Under section 142 of the Code of Civil Procedure, it is the duty of an appellant to show not only error, but that it was prejudicial.

ID.—OCULAR INSPECTION—DISCRETION OF COURT.—The refusal of the trial court to inspect the place of the accident is within its sound discretion.

The facts are stated in the opinion.

*Mr. José R. Freyre* for the appellants.

*Mr. José de Diego* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On the road from Yauco to Mayagüez an automobile was upset and Arturo Rubio Cuebas was killed. The complainants alleged that they were the parents and heirs of the said Arturo Rubio Cuevas and that the death of their son was due to the negligence of the defendant, the Garage Mayagüez, Incorporated, or of its *chauffeur*, Julio Camacho; that the defendant is a corporation which rents or hires automobiles, and that the particular contract in this case was to drive Rubio Cuebas and others from Mayagüez to San Juan, begin-

ning on Saturday December 7, 1912, and to bring them back to Mayagüez before the night of Sunday December 8, 1912.

Various were the acts of negligence charged against the defendant in the complaint. Issue was joined, the case went to trial and the court, on motion of the defendant, rendered a nonsuit, this action being the principal error complained of in this appeal.    -

One of the theories of negligence most insisted upon by the complainants was that the defendant company was negligent in the selection of its *chauffeur*, Julio Camacho, who, it is alleged, was a young man without sufficient experience. The complainants not only failed to prove this averment, but, on the contrary, their own witnesses show that the said *chauffeur* was an ordinary, careful driver and that he managed the machine as well as could be expected and to their satisfaction.

The complaint laid some stress on the fact that the defendant failed to get its passengers back to Mayagüez at the time promised, but as may readily be imagined, this failure had absolutely no legal connection with the happening of the accident.

Various charges of defects in the machinery were made, but none of them was proved. Likewise, there was a failure of proof in regard to the physical weakness of the said *chauffeur*, as alleged in the complaint. On the contrary, the temporary weakness of the said *chauffeur* was due to the special conditions under which the trip was undertaken and carried out by the passengers themselves. With very short intervals of rest, the *chauffeur* was kept going from the time he left Mayagüez until the time of the accident, some twenty-eight hours later.

Another ground of negligence is the ignorance of the road imputed to the *chauffeur*. This ignorance was not proved, even if it were shown, to have any causal connection with the accident; and, furthermore, the proof established that the *chauffeur* set out from Yauco reluctantly and against

his will, at night and at the special instance and request of Arturo Rubio Cuebas, the man who was subsequently killed. In short, none of the acts of negligence charged in the complaint was shown by the proof.

The appellants in this court, without any showing that their trial-court theory was similar, have sought to invoke the doctrine of *res ipsa loquitur* under the supposition made here, that the defendant was a common carrier. For the purposes of this case we shall not at this time decide whether, where particular acts of negligence are alleged, a complainant may rely upon a general presumption of negligence, such as is involved in the doctrine of *res ipsa loquitur*. The question is, then, whether the defendant was such a carrier against whom the maxim might be invoked.

The complaint set up that the defendant was an automobile enterprise with a garage annexed thereto and that it was devoting itself to the letting or hiring of automobiles for journeys to such persons as asked for them, the said company furnishing for the management and direction of said machines its employees, servants, and agents; and the answer admitted the averment, but the complaint also showed a special contract of carriage, and as the averment of a pleading must be taken most strongly against the pleader, we do not find that there was any averment that the defendant was a common carrier. The attempt in the complaint to charge the special acts of negligence militates against such a theory. Moreover, the complaint showed that the defendant had a garage and the proof showed that the driver of the automobile, at the instance and request of the passengers, not only took them to San Juan but carried them up and down the streets thereof, and under the same direction delayed the journey.

We think that the complaint and the proof showed that the defendant's occupation, as is usual with garages, was akin to that of a liveryman and that the contract here was an ordinary bailment for hire. Under these circumstances

the authorities hold that the liability, namely, that of a livery-man, is to use ordinary care. *Stanley* v. *Steele,* 69 L. R. A. 561, 77 Conn. 688, where the authorities are reviewed; *McGregor* v. *McGill,* 108 A. S. R. 919, 114 Tenn. 524; *Copeland* v. *Draper,* 34 A. S. R. 315; *J. Edward Meyers* v. *Tri-State Automobile Co.,* 44 L. R. A. (N. S.), 113, where an automobile garage letting automobiles is identified with a livery stable; *Trout* v. *Watkins Livery & Undertaking Co.,* 130 S. W. 136; *Forbes* v. *Reiman,* 51 L. R. A. (N. S.), 1165. When the carrier is a railroad, a street railway, a steamboat, a stagecoach, or person dedicated to the public service and offering to take all comers, the highest degree of care is exacted and the maxim of *res ipsa loquitur* is frequently applied, on the theory that such carriers having control and knowing the machinery apparatus and the road, will be in a condition to explain the accident, and are thus charged by the law with the duty of knowing. *Stokes* v. *Saltonstall,* 13 Peters, 181; *McGinn* v. *New Orleans Railroad & Light Co.,* 13 L. R. A. (N. S.), 601, and notes; *Treadwell* v. *Whittier,* 80 Cal., 574, 5 L. R. A. 498; *Hageman* v. *Western R. R. Co.,* 13 N. Y. 9, 64 A. D. 517; *Holbrook* v. *Utica & S. R. Co.,* 12 N. Y. 236, 64 A. D. 502. And the principle has been extended to a sight-seeing automobile (35 L R. A. [N. S.], 658), to the proprietor of a hack (*Bonce* v. *Dubuque Street Ry. Co.,* 36 A. R. 221), and to a taxi-cab company (*Van Hoefen* v. *Columbia Taxi-Cab Co.,* 162 S. W. 694), the distinction of whether the defendant held himself out to be a common carrier being always borne in mind; otherwise the rule requiring the complainant to assume the burden of proof remains inviolate.

Another matter pointed out by the authorities is that liverymen and automobile garages not only let machines with drivers, but that they also let machines without drivers and do various other things showing a private contract of hire. Neither the complaint nor the proof showed that this was a case for the application of the maxim *res ipsa loquitur.*

The proof did in fact show an act of negligence on the part of the defendant's *chauffeur* which in all probability was the efficient cause of the accident. The company undertook to take its passengers to San Juan and back to Mayagüez, but in San Juan the passengers kept the *chauffeur* very active and from Saturday evening at about 10 p. m. until Monday morning at 2 a. m. the passengers and the *chauffeur* had very little rest, so that when the party set out from Yauco all the occupants of the automobile were in an extremely sleepy condition. The passengers knew that the *chauffeur* had been under a continuous strain and was pretty well used up, yet they insisted, and the complainants' intestate in particular urged, that they set out at night in this worn-out condition of the driver. If the driver was negligent the complainants' intestate was guilty of contributory negligence. In view of this contributory negligence we think the court was justified in directing a nonsuit on any theory of negligence that was justified by the facts developed at the trial.

There were four other assignments of error. The first of these was the failure of the court to permit the defendant's witness, Fernando Cuebas, to testify whether he had made a different statement before the municipal judge. As stated in the record, the object of the question was to refresh the memory of the witness. The argument now made is that a party has a right to contradict his own witness by virtue of section 156 of the Law of Evidence. No proper foundation was laid for the question by indicating to the witness the details of his previous alleged inconsistent statements. The testimony sought to be elicited was not contradictory and the purpose of the question was misstated; otherwise it was purely hearsay testimony and incompetent.

An alleged expert was asked whether by reason of his knowledge as a *chauffeur,* and having seen the automobile, the highway, and all the rest, he could tell how the accident happened. The witness did not qualify as an expert and the question was objectionable in not stating concrete facts

proved at the trial in hypothetical form calling for the opinion of an expert.

The third assignment of error was the failure of the court to permit a witness to state what *chauffeur* Camacho said with regard to his own negligence. This perhaps was error because the admissions of an agent of a defendant are material and competent and an exception to the rule of hearsay, even though the agent is in court ready to testify. 16 Cyc. 1005; *Geylin* v. *de Villeroi,* 2 Houston (Del.) 311; *Phenix Mut. L. Ins. Co.* v. *Clark,* 58 N. H. 164; *Kelly* v. *Hing Yung Benevolent Assn.,* 2 Cal. App. 460. However, we think the appellants failed to show prejudice.

Section 142 of the Code of Civil Procedure requires that "The court must, in every state of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

Under a similar section the California courts and others have held that it is the duty of an appellant not only to show error, but to show prejudice. *Coonan* v. *Lowenthal,* 129 Cal. 197, 61 Pac. 940; 3 Cyc. 387; *Taylor* v. *Boughner, Jr., et al.,* 16 W. Va. 332. In this connection the United States Supreme Court says in *Cunningham* v. *Springer,* 204 U. S. 647:

"They illustrate the importance of a strict application of the principle that the excepting party should make it manifest that an error prejudicial to him has occurred in the trial in order to justify an appellate court in disturbing the verdict."

The question was put to the witness toward the end of the trial after the complainants had made several divergent attempts to prove negligence on the part of the defendant. Under these circumstances we think it was the duty of the complainants to show that the proffered testimony was material and relevant to the issues of the complaint and not merely cumulative of the other testimony attempted to be offered.

It is very probable that the *chauffeur* did bewail the fact of his setting out from Yauco, worn out as he was, but if the complainants were attempting at that stage of the trial to show any other act of negligence they should have made a more specific offer in order to convince the court below and this court that the rejected evidence had some real bearing on the case.

A fourth assignment of error was the refusal by the court to take a view of the place of the accident. This was a matter within the sound discretion of the court and we see no abuse.

The judgment should be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.