[Civ. No. 4219.   First Appellate District, Division Two.—May 22, 1922.]

## A.  SANDOVAL,  Respondent,  v.  L.  M.  SALAZAR, Appellant.

[1] Judgment—Report of Referee—Inadvertence of Clerk—Neglect to Indorse Filing-mark—Effect of.—A judgment based on the report of a referee appointed by the court on a stipulation of counsel will not be reversed by reason of the fact that the stipulation was not indorsed by the clerk as having been filed until after the referee had made his report, or by reason of the fact that the judgment was entered before the report was indorsed as having been filed.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Charles S. Burnell, Judge.  Affirmed.

The facts are stated in the opinion of the court.

J. M. Chatterson for Appellant.

Schmidt & Riggins for Respondent.

STURTEVANT, J.—The plaintiff brought an action in conversion against the defendant; he obtained a judgment, and thereafter he moved for a new trial and the motion was denied and he also made a motion to vacate the judgment and that motion was denied.  After the judgment was entered and before the motion for a new trial was ruled on the trial court made an order that a certain stipulation and the report of a referee should be filed as of May 18, 1921, one week before the judgment was ordered.  The defendant served a paper purporting to be a notice of appeal from each and all of said determinations, including the judgment and each of said orders.  The appeal was taken under the provisions of section 953a of the Code of Civil Procedure.  The appellant has brought up the clerk's transcript, but has not brought up a transcript of the reporter's notes or any paper purporting to be a bill of exceptions.  On the fifth day of January, 1921, Carroll Allen, Esq., as attorney for plaintiff, and Frank P. Jenal, Esq., as attorney for defendant, entered into a stipulation,

"Whereas the issues of fact raised by the complaint and answer in this case requires the examination of long accounts on both sides, and whereas, the parties hereto desire a reference made to enable the court to determine said action as provided for in sections 638 and 639 of the Code of Civil Procedure of the state of California; now therefore, it is hereby stipulated that an order may be entered herein appointing W. J. Palethorpe as referee to hear and report upon the facts involving such accounting so raised by the complaint and answer herein." On that date there was indorsed on the foot of said stipulation the following: "So ordered. John W. Shenk, Judge. January 5, 1921." The paper was filed May 18, 1921. On June 27, 1921, an order was made as follows: "It appearing to the court that the stipulation for the order of reference herein and the order of reference based thereon, together with a report and findings of the referee were filed with the clerk of this court on May 18, 1921, and that by an oversight the same bear no filing date or mark of said clerk, and that the same have not been formally filed; It is hereby ordered that the clerk is, be, and is hereby directed to file said stipulation, order of reference and said report and findings of the referee as of date May 18, 1921." A report of a referee is set forth in the transcript and is marked filed May 18, 1921. On May 3, 1921, the same attorneys entered into a stipulation filed on that day which provided among other things, "That each of said parties waives his right to appeal from the findings of the said referee and the judgment entered herein." The judgment entered May 25, 1921, contains the following recitals: "The issues of fact in this case having been referred to W. J. Palethorpe and said referee having heard evidence thereon and having filed his report herein, and it having been stipulated by the parties to this action that the same should be accepted as final, and findings having been waived by stipulation and said matter coming on regularly to be heard this day upon motion of Carroll Allen, Esq., attorney for plaintiff, etc." The appellant vigorously attacks the above stipulations. In making his attacks he has not followed any rule of practice that authorizes him to have a hearing in this court. Secondly, even though he had done so as a matter of substantive law his attack is without merit. Addressing ourselves

to the former proposition first, it is clear that by reason of a recital in the judgment this court must assume that the judgment was based, at least in part, on a report of W. J. Palethorpe as referee, but whether such reference was made by any stipulation or by the above stipulation does not appear. The record before us shows that a notice of intention to move for a new trial was served and filed, but the record does not show, excepting by inference, that the motion was ever made, or if made, on what grounds it was made or what evidence was introduced in support of the motion. The only additional material contained in the record regarding that motion is that an order was made July 7, 1921, denying a motion for a new trial. We must presume that the motion was improperly made or improperly supported and that the order denying the same was properly made. The *nunc pro tunc* order above set forth is regular on its face and there is nothing in the record before us to show that the recitals contained in it are not true and correct and we must presume that they are what they purport to be. On July 1, 1921, the defendant gave notice that he would move the court to vacate the order of June 27, 1921. The transcript contains the defendant's affidavit made on the thirtieth day of June, 1921. Assuming for the purposes of argument that said affidavit was used to support the motion noticed for hearing, there is nothing in the affidavit showing or tending to show that the recitals contained in the *nunc pro tunc* order are not true and correct. The same notice and affidavit purport to make an attack on the report of the referee and on the judgment. Such practice is not authorized in this state. The appellant did not make his attack under sections 473, 663–663a, or 656–660 of the Code of Civil Procedure. No other modes of attack are provided by our statutes.

[1] Assuming that the judgment was based on the report of W. J. Palethorpe as referee; that the referee was appointed by the trial court on a stipulation of the attorneys; that the stipulation of the attorneys was not indorsed filed by the clerk until the referee had made his report and until the trial court had entered its judgment; and that the judgment of the trial court was entered before the report of the referee had been indorsed by the clerk with the filing-mark, said facts, taken singly or collectively,

are of such a nature as not to warrant a reversal of the judgment by this court. (*Coonan* v. *Loewenthal*, 129 Cal. 197, 200 [61 Pac. 940].)

Assuming that sections 638–645, inclusive, of the Code of Civil Procedure provide that a referee may render a judgment, the appellant contends that such provisions of the statute are unconstitutional as being in violation of section 14, article VI, of the state constitution. The vice in this contention rests in the assumption on which it is based. A referee is appointed to make a report. The report may be accepted or rejected. In any event the trial court renders the judgment.

No error is made to appear by the record presented to this court. The judgment of the trial court is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 20, 1922.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.

Shurtleff, J., was also absent and Richards, J., *pro tem.*, was acting.