PEDRO TORRES, demandante y apelado, v. RAFAEL DOMÍNGUEZ CONDE, demandado y apelante.

No. 3802.—*Visto:* Febrero 11, 1926. *Resuelto:* Marzo 31, 1926.

1. EVIDENCIA — PERTINENCIA, MATERIALIDAD Y COMPETENCIA EN GENERAL — RES GESTAE—MANIFESTACIONES PARTE DE O HECHAS EN RELACIÓN CON UN ACTO O SUCESO—CONTEMPORANEIDAD DE AQUÉLLA CON ESTE.—Para que una declaración pueda admitirse como parte del *res gestae* debe ser contemporánea con el acto del cual se alega ser parte.

2. EVIDENCIA — PERTINENCIA, MATERIALIDAD Y COMPETENCIA EN GENERAL — RES GESTAE—MANIFESTACIONES PARTE DE O HECHAS EN RELACIÓN CON UN ACTO O SUCESO—DECLARACIONES POSTERIORES A LA OCURRENCIA DEL ACTO O SUCESO—POR EMPLEADOS EN CASOS DE DAÑOS A LA PROPIEDAD.—La declaración referente a la manifestación hecha por el *chauffeur* de un demandado quince minutos después que un accidente ha terminado—choque entre un autocamión que aquél manejaba con un automóvil del demandante—no es admisible en evidencia como parte del *res gestae*.

3. APELACIÓN Y ERROR—DISPOSICIÓN Y RESOLUCIÓN DEL CASO—REVOCACIÓN—ADMISIÓN ERRÓNEA DE PRUEBA UNICA QUE SOSTIENE LA SENTENCIA.—Procede revocar una sentencia apelada cuando la única prueba que puede sostenerla ha sido erróneamente admitida por el tribunal sentenciador.

SENTENCIA de *Gabriel Castejón, J.* (Guayama), declarando con lugar la demanda sobre daños y perjuicios, con costas. *Revocada y declarada sin lugar la demanda, sin costas.*

*Hartzell, Kelley & Hartzell, y Rafael O. Fernández,* abogados del apelante; *F. Cervoni Gely,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En este pleito se reclama indemnización de daños y perjuicios porque habiendo dejado el demandante un automóvil de su propiedad una noche a un lado de la carretera de Las Piedras a Humacao pasó después un autocamión del demandado tan cerca del automóvil que se lo llevó por delante, lanzándolo por una pendiente y cayendo en una profundidad en la que quedó inutilizado para prestar servicio.

Dictada sentencia condenatoria alega el demandado en esta apelación que fué error de la corte inferior permitir, a pesar de su oposición, que el demandante y algunos de sus testigos declarasen sobre supuestas admisiones hechas por Pedro Vasallo, *chauffeur* del demandado, después de ocurrido el accidente.

La única prueba en el juicio para demostrar que el autocamión del demandado chocó con el automóvil del demandante consistió en la declaración a que se refiere este motivo
de error y así lo declara la corte sentenciadora.  Veamos
sus palabras:

"La segunda cuestión propuesta abarca el hecho de la ocurrencia del choque habida entre el truck del demandado y el automóvil
del demandante.—Para rebatirlo se impugna primeramente la actitud de esta Corte al admitir a varios testigos del demandante el declarar sobre manifestaciones o admisiones del chofer del truck Pedro Vasallo.—Dichas manifestaciones fueron hechas según la prueba
poco después del accidente o sea al encontrarse el demandante y algunos de sus amigos con el chofer Vasallo a los pocos momentos de
llegar al garage un cuarto de hora según el propio Vasallo.—Se alega
que debido al tiempo transcurrido tales manifestaciones no forman
parte de la *res gestae.*—En nuestra opinión dado el hecho de que el
chofer no paró su carro y continuó su carrera habiendo necesidad
de seguirlo y alcanzarlo, dichas manifestaciones pueden ser consideradas como hechas a continuación del acto mismo.—Pero aun dando
por sentado que no fuera así siempre serían admisibles en evidencia
en contra del demandado dueño del truck por haber sido hechas por
su empleado o agente y ser en contra de ellos mismos.—. . . . Hemos tenido grandes dudas con respecto a si existió o nó el alegado
choque pero las admisiones de Pedro Vasallo el chauffeur del truck
hechas poco tiempo después de haber ocurrido el accidente, manifestaciones voluntarias oídas por el cabo de la Policía Insular Sr. Eugenio Vélez, persona que no tiene interés alguno en este asunto, nos
convencen de que la negligencia y descuido del chauffeur del truck
Pedro Vasallo, fueron las causas determinantes del accidente y daño
causado al automóvil del actor en este caso."

Si esa prueba no es admisible habrá que revocar la sentencia apelada.

La corte inferior fundó la admisión de esa evidencia en
el caso de *Rubio* v. *Garage Mayagüez Inc.,* 23 D.P.R. 615 y
en los que en él se citan.  En esa opinión se dice que tal vez
fué error de la corte inferior no haber permitido a un testigo que declarara sobre las manifestaciones hechas por el
*chauffeur* respecto a su propia negligencia porque las ad

misiones hechas por un empleado del demandado son pertinentes y competentes y constituyen una excepción a la regla relativa a las declaraciones de referencia (*hearsay*), aun cuando el empleado esté en la corte dispuesto a declarar. Sin embargo, como no aparecen de esa opinión las circunstancias en que fueron hechas por ese *chauffeur* las admisiones a que la misma se refiere, no podemos declarar qué sea aplicable en el caso presente.

[1, 2] Las manifestaciones del empleado del demandado podían ser admitidas en evidencia siempre que formasen parte de las circunstancias constitutivas del hecho principal que se investiga (*res gestae*). Se ha sentado como regla general que para que un acto o declaración pueda admitirse como parte del *res gestae* debe ser contemporáneo con el acto del cual se alega ser parte, pues si no es así no será otra cosa que una narración. 22 C.J. 451, sec. 543. De acuerdo con esta regla, el Tribunal Supremo de los Estados Unidos en el caso de *Vicksburg & Meridian Railroad* v. *O'Brien,* 119 U.S. 99 (30 L. Ed. 299), en el que era de influencia decisiva determinar si un tren corría a más de quince millas por hora y en el que se presentó como evidencia la declaración de un testigo referente a la manifestación del maquinista de ese tren hecha entre diez y treinta minutos después de ocurrido un accidente, respecto a que el tren corría a diez y ocho millas cuando el demandante fué lesionado, la Corte Suprema, después de consignar los principios sobre esa cuestión, declaró que la declaración referente a esa manifestación del maquinista no era admisible como evidencia para probar la velocidad a que caminaba el tren pues fué hecha después que el accidente había terminado, era la mera narración de un hecho pasado y no formaba parte del *res gestae.* En igual sentido resolvió la Corte Suprema de California en el caso de *Durkes* v. *Cen. Pacific R. R. Co.,* 69 Cal. 533 con respecto a la declaración del maquinista explicativa del accidente hecha como cinco minutos después de haber ocurrido, por no ser parte del *res gestae;* y en el de

*Frye* v. *St. Louis I. M. & S. R. Co.,* 200 Mo. 377, 98 S. W. 566, también fué excluída la evidencia de una manifestación del maquinista que manejaba la locomotora que lesionó al demandante, hecha en la primera estación en que se detuvo después del accidente respecto a que él había estropeado a un hombre en la vía férrea. Hay otros muchos casos simi- lares como los de *Tennis* v. *Interstate Consol. Rapid Transit Ry. Co.,* 45 Kan. 503, 25 Pac. 876; *Morse* v. *Consolidated R. Co.,* 81 Conn. 395, 71 Atl. 553, y *Blackman* v. *West Jersey & S. R. Co.,* 68 N. J. L1, 52 Atl. 370.

[3] No siendo, pues, admisible la manifestación hecha por el *chauffeur* del demandado y siendo ésta la única prueba, que puede sostener la sentencia, *debemos revocarla y decla- rar la demanda sin lugar.*