FEDERICO CASTRO MERCADO, demandante y apelante, *v.* H. I. HETTINGER & CO. y U. S. CASUALTY CO., demandadas y apeladas.

Número 11775.

*Sometido:* 21 de marzo de 1957. *Resuelto:* 5 de abril de 1957.

*Ramón H. Vargas* y *Germán Rieckehoff*, abogados del apelante; *Emilio de Aldrey*, abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR SALDAÑA emitió la opinión del Tribunal.

Se trata de una reclamación por los daños que sufrió un camión propiedad del demandante en un accidente que ocurrió el día 12 de julio de 1953 en la carretera que conduce de Trujillo Alto a Río Piedras. En dicha ocasión otro camión propiedad de la codemandada H. I. Hettinger & Co. tuvo un choque con el vehículo del demandante. Celebrado el juicio, el tribunal de instancia declaró sin lugar la demanda, resolviendo que, de conformidad con la prueba practicada, el demandado no había incurrido en culpa o negligencia alguna y que por el contrario el accidente se debió a la negligencia del Sr. Carmelo Yordani, conductor del vehículo del demandante.

En apelación se señalan los siguientes errores: (1) la negativa "a admitir manifestaciones de la parte contraria que constituían admisiones" y (2) la negativa "a admitir un ofrecimiento de prueba bajo la Regla 43 (*c*) de Enjuiciamiento Civil de admisiones hechas por la parte contraria". A nuestro juicio, el primero carece de méritos y aunque se cometió el segundo, no procede revocar la sentencia que es objeto de este recurso de apelación.

El tribunal a quo no cometió error al excluir la declaración del Juez de Paz, Sr. Reinaldo Díaz Cruz, sobre las manifestaciones que le hizo el chófer que conducía el camión propiedad de la codemandada H. I. Hettinger & Co., varias horas después de ocurrir el accidente, en el sentido de que éste se debió a los frenos defectuosos del referido camión. Obviamente, dicha prueba era inadmisible por ser de referencia y además la misma (1) no cae dentro de la excepción relativa a admisiones hechas por un agente o empleado de una de las

partes "dentro del objeto de la sociedad o agencia y durante su existencia" (*vicarious admissions*) (¹) ; (2) tampoco por excepción es admisible como parte del *res gestae:* dadas las circunstancias que concurren en este caso, las manifestaciones del chófer no fueron ni espontáneas ni contemporáneas de los hechos percibidos por él, según las normas jurídicas aplicables para determinar los factores de contemporaneidad y de espontaneidad en que se basa esta excepción a la regla de la prueba de referencia (²) ; (3) sería imposible sostener que es admi-

---

(¹) La prueba demostró que el Sr. Francisco Sánchez, conductor del camión propiedad de la codemandada H. I. Hettinger & Co., no tenía autorización explícita o implícita para hacer declaraciones a nombre de su patrono dentro de las atribuciones de su empleo. A ese respecto, véanse los incisos 2 y 5 del art. 35 de la Ley de Evidencia, 32 L.P.R.A. sec. 1678. Cf. *Rubio* v. *Garage Mayagüez, Inc.,* 23 D.P.R. 609 (1916) y *Torres* v. *Domínguez,* 35 D.P.R. 267 (1926). Como señala Morgan, 2 *Basic Problems of Evidence* (1954) 235-237, para que las admisiones hechas por un agente sean admisibles en evidencia como prueba de la verdad de los hechos contenidos en las mismas, tal como si hubiesen sido hechas por el principal o mandante, no basta que el agente esté llevando a cabo *actos* dentro de las atribuciones de su empleo, sino que es necesario *que tenga autoridad para hacer las referidas declaraciones como parte de las atribuciones de su empleo.* Véase en el mismo sentido McCormick, *Handbook of the Law of Evidence* (1954), 517-520. Cf. Muñoz Amato, La Regla de la Prueba de Referencia y sus Excepciones, XIII Revista Jurídica de la Universidad de Puerto Rico 13, 31-32 (1943) y Morgan, *The Rationale of Vicarious Admissions,* 42 Harv. L. Rev. 461 (1929). Este requisito a veces no se exige si la declaración de un agente o empleado envuelto en un accidente se ofrece en evidencia para probar su vínculo jurídico con el alegado principal o mandante, o, una vez que el mandato, agencia o empleo ha quedado demostrado, para especificar los límites de dicho mandato, agencia o empleo. Notas en 150 A.L.R. 618, 623 (1944) y 3 A.L.R. 2d 593, 598 (1949). No obstante, véase *Graniela* v. *Yolande, Inc.,* 65 D.P.R. 107 (1945).

(²) La prueba demostró que, después de ocurrir el accidente, ambos conductores examinaron los vehículos, hablaron un rato y después se trasladaron al Cuartel de la Policía en Trujillo Alto. Más tarde regresaron al sitio del accidente acompañados de un agente de la policía para inspeccionar el lugar y los vehículos. Después de hacer todo lo que hemos señalado, fué que ambos conductores declararon ante el Juez de Paz, Sr. Reinaldo Díaz Cruz. Sin duda habían transcurrido ya varias horas desde el momento en que ocurrió el choque y las alegadas declaraciones ante el Juez de Paz del conductor del vehículo de la demanda tampoco fueron hechas bajo conmoción nerviosa alguna producida por un acontecimiento excitante. Al respecto véanse: *Graniela* v. *Yolande, Inc.,* 65 D.P.R. 107, 110-112

sible porque se refiere a declaraciones contra el interés propio. (³)

■ No tenemos duda de que aquí el tribunal sentenciador erró al negarse a hacer un récord completo de la evidencia excluída a tenor de lo dispuesto en la Regla 43 (c) de las de Enjuiciamiento Civil. 32 L.P.R.A. Ap., R. 43 (c) ; *Vicenty v. Corona Brewing Corporation*, 73 D.P.R. 135 (1952) ; 5 Moore, *Federal Practice* (2a. ed. 1951), 1351 y sigtes. Sin embargo, consta en autos que el abogado del demandante-apelante manifestó: "Intentamos, Sr. Juez, probar mediante este testigo una admisión del demandado. El testigo testificará que el chófer agente de la demandada admitió que el accidente se había debido a los frenos defectuosos de su vehículo". Dicho ofrecimiento basta para demostrar el alcance de la prueba excluída y para dictaminar que ésta era inadmisible, tomando en cuenta la demás prueba practicada en el juicio. Así pues, resulta innecesario devolver el caso para un nuevo juicio, a pesar de que se cometió el segundo error apuntado por el apelante.

*Debe confirmarse la sentencia apelada.*

(1945) ; *Acosta* v. *Crespo*, 70 D.P.R. 239 (1949) ; 2 Morgan, *Basic Problems of Evidence*, 1954, 296–299; Muñoz Amato, *Res Gestae*, XIV Revista Jurídica de la Universidad de Puerto Rico 91 (1944).

(³) Como señalamos en *Acosta* v. *Crespo*, 70 D.P.R. 239, 252–254 (1949), para que sea admisible prueba de referencia, como una declaración contra el interés propio, el declarante debe haber muerto. Obviamente en este caso dicho requisito no se cumplió: el conductor del camión propiedad de H. I. Hettinger & Co. declaró en el juicio ante el Tribunal Superior como testigo de la parte demandada. Por tanto, no es aplicable aquí la excepción relativa a declaraciones contra interés propio. Véanse Jefferson, *Declarations Against Interest: An Exception to the Hearsay Rule*, 58 Harv. L. Rev. 1 (1944) ; 2 Morgan *Basic Problems of Evidence* (1954), 251–258; McCormick, *Handbook of the Law of Evidence* (1954), 546–554. En el Código Modelo de Evidencia (regla 509) y en las Reglas Uniformes de Evidencia (regla 63 (10)) se propone la eliminación de este requisito. Véanse *Model Code of Evidence* (American Law Institute, 1942) 255 y sigtes.; *Uniform Rules of Evidence* (1953) 202.