# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

JUNE TERM, 1902.

68   1<br>69  380

## ALICE B. BLACKMAN v. WEST JERSEY AND SEASHORE RAILROAD COMPANY.

Submitted May 7, 1902—Decided June 9, 1902.

1. Declarations are admissible, as part of the *res gestæ*, only when they are concomitant with the main fact under consideration, and are so connected with it as to illustrate its character.
2. Only such words as are spoken, or such acts as are done, by an agent, in the execution of his agency, are admissible in evidence against his principal.
3. Where counsel, in summing up to the jury, travels outside the evidence, bases arguments upon facts which have not been proved and appeals to the prejudice of the jury, it is the plain duty of the court, upon objection made, to interpose; and a refusal of the court to interpose, where otherwise the right of the party would be prejudiced, is legal error.

On rule to show cause why verdict for plaintiff should not be set aside.

Blackman v. West Jersey & Seashore R. R. Co.    *68 N. J. L.*

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the rule, *Joseph H. Gaskill.*

*Contra, John W. Wescott.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff was injured by a fall received by her while alighting from a trolley car of the defendant company. At the trial she offered herself as a witness in her own behalf, and having stated that her fall was caused by the sudden starting of the car while she was on the running-board, and that it was stopped again as soon as possible after she was thrown, and that the conductor then came to her and helped her up, was then asked what the conductor said to her, if anything. The question was formally objected to, but was permitted, upon the ground that what the conductor said was part of the *res gestæ.* The answer was: " 'It is too bad,' he says; 'are you hurt?' I said to him, 'I signaled you to let me get off and you answered me.' He said, 'I know I did, but I forgot you. It is entirely my fault.' "

The rule, with relation to the admission of declarations upon this ground, is that where the declaration is concomitant with the main fact under consideration and is so connected with it as to illustrate its character, it may be proved as part of the *res gestæ;* but where it is merely narrative of a past occurrence it cannot be received as proof of the character of that occurrence. *Greenl. Evid.,* § 108; *Castner* v. *Slicker,* 4 *Vroom* 95, 97. Tested by this rule, we think the question should have been excluded. If the words attributed to the conductor had been exclamatory and coincident with the happening of the accident, they would undoubtedly have been illustrative of its character, and proof of them would have been admissible. They were, however, not spoken until after the accident had occurred, and, although the time which had elapsed between the happening of the accident and the making of the declaration was very short, still the words were merely narrative of the conditions which had brought it about.

It is suggested that the testimony was competent, as the admission of an agent of the defendant company, which bound the principal. The allowance of the question cannot be supported on this ground. It is only words which are spoken, or acts which are done, by an agent in the execution of his agency which are admissible in evidence against the principal. *Ashmore* v. *Pennsylvania Steam Towing Co.,* 9 *Vroom* 13. The admission of the conductor was, manifestly, not made in pursuance of his duty to his employer, and cannot bind the latter.

The admission of this testimony was error.

Another reason, advanced by the defence, for setting aside the verdict in this case, is that counsel for the plaintiff, in his address to the jury, far exceeded his privilege, by laying before them facts which had not been proved, and which they had no right to consider, and insisting that they should take those facts into consideration in making up their verdict. In discussing the question of the amount of damages which the plaintiff was entitled to recover, counsel said: "In considering that point, bear in mind that this girl, if her physicians are correct, unfortunately is robbed of a great deal. She not only has not enjoyed life, but she never probably will enjoy life again. She has not been a mother. She never can be a mother." At this point counsel for the defendant excepted to the statement, on the ground that there was no proof whatever in the case that the plaintiff could not become a mother. The trial judge declined to rule upon the exception, and permitted counsel for the plaintiff to proceed, which he did, in the following language: "I was remarking, gentlemen of the jury, that this girl was a single lady; that upon the theory that her physicians are correct, she never can be cured of this difficulty; she never can become a married woman and a mother, and therefore is deprived of one of those pleasures and rights which belong to vigorous, well-organized women, and especially a woman of her type and accomplishments. This is a loss to her which this jury ought to take into consideration."

It is not denied that the case is barren of evidence which would support the conclusion that the injuries of the plaintiff are of such a character as to have destroyed her power to bear children, and this is plainly the meaning of the statement made by her counsel, although, after exception was taken, he attempted to modify that statement to some extent.

The proper administration of justice in civil as well as in criminal actions, requires that counsel shall be allowed the widest scope in his discussion of the evidence in a cause, but where he travels outside of the evidence, bases arguments on facts which have not been proved, and appeals to the prejudice of the jury, he not only far exceeds his privilege, but by his conduct vitiates a verdict in his client's favor, if exception is taken by his adversary to such statements. The language of Andrews, J., in the case of *Williams* v. *Brooklyn Elevated Railroad Co.,* 126 *N. Y.* 96, so clearly and admirably defines the privilege of counsel in his summing up to the jury, and the limitations of that privilege, that I cannot forbear to quote it at length. He says: "It is the privilege of counsel in addressing a jury to comment upon every pertinent matter of fact bearing upon the questions which the jury have to decide. This privilege it is most important to preserve, and it ought not to be narrowed by any close construction, but should be interpreted in the largest sense. The right of counsel to address the jury upon the facts is of public as well as private consequence, for its exercise has always proven one of the most effective aids in the ascertainment of truth by juries in courts of justice, and this concerns the very highest interest of the state. The jury system would fail much more frequently than it now does if freedom of advocacy should be unduly hampered, and counsel should be prevented from exercising, within the four corners of the evidence, the widest latitude by way of comment, denunciation or appeal in advocating his cause. This privilege is not beyond regulation by the court. It is subject to be controlled by the trial judge in the exercise of a sound discretion, to prevent undue prolixity, waste of time or unseemly criticism. The privilege of counsel, however, does not justify the introduction in his

summing up of matters wholly immaterial and irrelevant to the matter to be decided, and which the jury have no right to consider in arriving at their verdict. The jury are sworn to render their verdict upon the evidence. The law sedulously guards against the introduction of irrelevant or incompetent evidence by which the rights of a party may be prejudiced. The purpose of these salutary rules might be defeated if jurors were allowed to consider facts not in evidence, and the privilege of counsel can never operate as a license to state to a jury facts not in evidence or to present considerations which have no legitimate bearing upon the case, and which the jury would have no right to consider. Where counsel, in summing up, proceeds to dilate upon facts not in evidence, or to press upon the jury considerations which the jury would have no right to regard, it is the plain duty of the court, upon objection made, to interpose; and a refusal of the court to interpose, where otherwise the right of the party would be prejudiced, would be legal error."

The same doctrine is laid down in the later case of *People v. Fielding,* 158 *N. Y.* 542, in an exhaustive opinion; and a very full collection of the cases which support it will be found in 2 *Encycl. Pl. & Pr.* 727, *tit. "Arguments of Counsel."*

The statement of counsel, being of a fact which was not in evidence, and which, if the jury believed it, was likely to influence them to the disadvantage of the defendant, in making up their verdict, having been formally objected to, and the trial court having refused to interpose, the verdict should be set aside.

Another statement made by counsel for the plaintiff in his argument, which was urged upon our consideration, was that certain physicians who had testified on behalf of the defendant company as to the character and effect of the plaintiff's injuries, had examined her because the legislature had authorized the railroad company to send any number of physicians to invade the house of a plaintiff and lay their violent hands upon her sacred body and then come upon the witness-stand to denounce and betray her.

It is hardly necessary to say that no such authority was ever conferred by the legislature upon a railroad company or upon any other person. That the object of the statement was to prejudice the jury against the defendant and unduly excite their sympathy for the plaintiff is plain. No objection, however, was made to it by counsel for the defendant at the time of its utterance, nor was the interposition of the court asked. This would be fatal if the case was before us on writ of error, for, then only mistakes in law prejudicial to the plaintiff in error could be considered. But when the case is here on a rule to show cause, this court has much greater latitude, and it may be that, in a flagrant case we would feel constrained to direct a new trial on account of an unwarranted and improper statement made by counsel in his summing up, even where objection had not been made by his adversary, and the trial court had not interposed. But it is not necessary to decide that question on this occasion, as the verdict must be set aside for the reasons already stated.

Before leaving the case we deem it advisable to state that, in our opinion, the verdict, which was for $9,000, is so exorbitant as to afford an additional ground for making the rule to show cause absolute. When the plaintiff was thrown from the defendant's car she struck upon her hip, severely injuring it. The contention on her part is that this injury is permanent, and that she will always be an invalid from it. The jury evidently took that view. A careful examination of the testimony, however, has satisfied us that the conclusion reached on this point is clearly against the weight of the evidence, and that the plaintiff will in time be restored practically to her normal condition.

The rule to show cause will be made absolute.