SARAH HUEBNER, ADMINISTRATRIX, &c., OF WILLIAM
HUEBNER, DECEASED, DEFENDANT IN ERROR, v. THE
ERIE RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued March 12, 1903—Decided June 15, 1903.

A principal is bound by the acts and concomitant declarations of an
agent touching such matters only as are within the scope of his
general employment, or have been specially entrusted to his agency
by the principal. Acts and declarations not falling within this
rule are not within the exception to the rule excluding hearsay
testimony.

On error to the Supreme Court.

This suit was brought to recover damages for the death of
William Huebner, son of the plaintiff, caused by the alleged
negligence of the defendant. At the time of the injury the
plaintiff's intestate was employed by the defendant as a fire-
man, and was, in the performance of his duty, upon his engine,
standing at a point where the engine was coupled to the tender.
The engine and the tender parted, he fell between the two, and
was run over and killed.

The coupling between the engine and tender consisted of
a draw bar, with a pin through it, at the center of the engine
and the center of the tender. To provide for the contingency
of the breaking of this pin the engine had, on each side of it,
a safety chain, running from a hook in the bottom of the
engine to a hook in the bottom of the tender.

In order to carry the strain upon the chains, if, by reason
of the breaking of the pin, they are called into use, there
should be a lip or lug at the back of the hook, which projects
upward and takes hold of the cross-beam of the locomotive.

One of the questions submitted to the jury by the charge
of the trial judge was whether the hook upon the engine in
question was defective in that it was not made with such a lip
or lug. The propriety of submitting this question to the
jury is raised by exceptions to the admission of the testimony

tending to show such defect in construction, and also by exceptions to the refusal of the court below to exclude such testimony, and the issue to which it related, from the consideration of the jury. The contention of the defendant is that there was no legitimate testimony bearing upon the alleged defect.

For the plaintiff in error, *Corbin & Corbin.*

For the defendant in error, *Warren Dixon.*

The opinion of the court was delivered by

GARRISON, J. Upon this writ of error it must be assumed that the jury found that there was no lug upon the hook that parted from the engine when the draw-bar pin broke. If there was no legal testimony from which this fact could be found, or, what is the same thing, if the only testimony upon that point was illegally admitted, it was error to submit the question to the jury.

The testimony to which this degree of importance attaches came into the case in this way: Ten days after the accident Jacob H. Vreeland, at the request of the mother of the decedent, undertook to investigate the circumstances that had led to the death of her son. In pursuance of this object he called, in company with a brother of the decedent, at the office of the division superintendent of the defendant, and told him that he had come to see the parts that were on the tender that parted from the engine. The superintendent said, "They are not here," and upon Mr. Vreeland's saying, "Yes, sir; I believe they are here," a clerk was called and asked if the parts were there. The clerk said, "Yes, sir," and produced a hook, concerning which the witnesses, Vreeland and Huebner, testified that it had no lug. All of this testimony was specifically objected to on the ground that it was not competent or binding upon the defendant, unless it was shown that "the railroad people who made the statements to the witnesses were authorized to make statements on behalf of

the railroad company in that regard." To the admission of the testimony over this objection an exception was duly sealed.

I think that, in the admission of this evidence, legal error was committed. The statement of the superintendent that the parts were not in his office was the only proof bearing upon his authority to act for the defendant in the premises, and it does not in anywise tend to show that such authority had been conferred upon him. There is nothing in the case to show that such authority had been reposed in the clerk who produced the hook, and nothing to suggest that what either of these agents did or said was within the scope of his general employment. The question presented, therefore, is whether a principal is bound by acts or statements of his agents with respect to matters not within the scope of their employment or committed to their agency. This question, which from time to time recurs, is an important one, and has received hitherto an uniform treatment in the reported deci- sions of our courts. In the early case of *Runk* v. *Ten Eyck,* 4 *Zab.* 756, the rule is thus laid down: "Declarations and doings of a third person, acting in the capacity of an agent, are exempt from the general rule respecting hearsay testi- mony. They are admitted in evidence against the principal as the representations or acts of the principal himself whom the agent represents, while engaged in the particular trans- action to which the declarations or acts refer. They must constitute a part of the *res gestæ* in the course of his employ- ment about the matter in question; they must accompany the doing of the business or making of the contract, and must be within the scope of the delegated authority."

This rule has since been consistently applied in our deci- sions, both in cases in which testimony was admitted and in those in which it was rejected. Among the more recent ap- plications of this rule may be cited *Little* v. *Kerr,* 17 *Stew. Eq.* 267, in which it is said that such testimony "while proof of the statement of a fact, is not evidence of the truth of the fact."

In another case—*Potts* v. *Agricultural Insurance Co.,* 26 *Vroom* 163, the rule laid down is that "a statement made by

a general agent of a corporation in the course of his employment as to a fact within his official knowledge *touching the status of a matter entrusted to him* is admissible in evidence on behalf of a party with whom *the corporation was dealing."*

In *Smith* v. *Delaware and Atlantic Telegraph and Telephone Co., 19 Dick. Ch. Rep.* 770, the testimony of an agent was admitted when it was satisfactorily shown that it was *"made in the conduct of business entrusted to him."*

And in *Blackman* v. *West Jersey and Seashore Railroad Co., 39 Vroom* 1, where the testimony was rejected, the present Chief Justice said: "It is only words which are spoken, or acts which are done by an agent in the execution of his agency which are admissible in evidence against the principal."

These citations suffice to show the correct rule, and to demonstrate that, if applied in the present case, it would have led to the exclusion of the testimony of Vreeland and Huebner as to all that occurred at the office of the superintendent. In legal effect, therefore, this testimony must be regarded as excised from the case.' Thus regarded, it is evident that the parts of the charge to which exception was sealed in which the trial court left it to the jury to say whether the hook produced in court by the defendant was the hook which Vreeland and Huebner testified had been shown to them in the superintendent's office; and of deducing from this comparison a verdict as to whether the hook that was on the engine had or had not a lug, involved a fallacy. The basis for the supposed comparison had no legal existence.

These judicial errors were not cured by the testimony of the superintendent that the hook that he showed to Vreeland and Huebner at his office had a lug on it, for, with the testimony of Vreeland and Huebner out of the case, this testimony of the superintendent was opposed by no testimony to the contrary, and hence could not form the basis of a verdict against the defendant on this point.

From these considerations it results that there must be a reversal of the judgment rendered in the court below, without reference to the other grounds relied upon by the defendant,

which, as they may be varied on a new trial, cannot, with any effectiveness, be made the subject of present decision.

. The judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, VAN SYCKEL, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM. 12.