FREEMAN A. CHILDS *vs.* AMERICAN EXPRESS COMPANY.

Essex.   November 20, 1907. — February 26, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Matter of conjecture.

At the trial of an action against an express company to recover for injuries alleged to have been caused to the plaintiff by reason of negligence on the part of an employee of the defendant when removing a trunk from a basement where the plaintiff was employed, it appeared that the trunk was a large one and heavily filled, and that, in removing it from the basement up a flight of stairs, the employee of the defendant used a tackle and fall, the tackle being fastened to a handle of the trunk, that, when the trunk was part way up the stairs, it caught, the handle broke, and the trunk fell upon the plaintiff.   Although the plaintiff had as good an opportunity to observe the handle of the trunk as did the defendant's employee, there was no evidence describing it or any tending to show that it was defective or worn or that there was any reason which could have been discovered upon inspection why it could not be used safely in connection with the tackle; nor did it appear how the trunk had caught in its ascent.   *Held,* that there was no evidence of negligence on the part of the defendant or its employee which properly could be submitted to the jury, the cause of the accident being left wholly to conjecture.

TORT.   Writ in the Superior Court for the county of Essex dated October 4, 1904.

There was a trial before *White,* J., who, at the close of the evidence introduced on behalf of the plaintiff, directed the jury to return a verdict for the defendant, and the plaintiff excepted. The facts are stated in the opinion.

The case was submitted on briefs.

*J. H. Sisk, W. E. Sisk, & R. L. Sisk,* for the plaintiff.

*R. W. Boyden,* for the defendant.

RUGG, J. The accident, for which this action is brought, occurred in a basement shipping room, where the plaintiff was employed by one Rogers. From this room a staircase six feet wide of twenty-two stairs, the tread of each stair being eighteen inches in width, leads up to a driveway. A tackle and fall were kept on the premises for use in raising articles from the basement by way of the stairs. The day before the accident a large, heavily filled drummer's trunk was brought to the shipping room, and remained there until the next day, when one Melzard, an employee of the defendant, came for it. The plaintiff, at Melzard's request, assisted in moving the trunk to the foot of the stairs. Melzard hooked one part of the tackle in a ring on a post upstairs, fastened one end of the rope on some part of his team, which stood at the head of the stairs, and gave the other end of the rope to the plaintiff, who at Melzard's request fastened it into the handle of the trunk. The plaintiff then returned to work, and shortly afterward heard a noise upstairs, whereupon, without any request and of his own accord he ran to the foot of the stairs, where he saw the trunk apparently caught, and he called to Melzard to stop, and then, as he was turning to go to his work again, the trunk came down, struck him and caused the injury complained of. The handle of the trunk at this time had been torn off.

This evidence fails to disclose any negligence on the part of the defendant. The cause of the accident is left wholly to conjecture. While it is not necessary for the plaintiff to exclude every possibility that the accident may have happened through some cause other than the negligence of the defendant, he is bound to introduce evidence enough to remove the cause from the realm of speculation, and give it a solid foundation upon facts, for the harmful effect of which the defendant is responsible. *Woodall* v. *Boston Elevated Railway,* 192 Mass. 308.

There is no description of the handle of the trunk, and it does not appear whether it was defective or worn, or whether any reason why it could not be safely used in connection with the tackle could have been discovered upon inspection. The plaintiff himself had quite as good opportunity to observe it as the servant of the defendant, and he proffers no explanation to show that it was not sufficiently strong, or that its weakness could have been observed. It may have been that the highest degree of diligence on the part of the defendant could not have found any ground for apprehension that the handle might not be used in any reasonable way for moving the trunk. It is manifest that other causes than the neglect of the defendant might have caused the trunk to fall. Under these circumstances the plaintiff must bar out by the greater weight of credible evidence the causal connection with his injury of all facts other than the defendant's negligence. The plaintiff failed to produce sufficient evidence to warrant a finding to this effect; hence a verdict against him was ordered rightly. *Harnois* v. *Cutting,* 174 Mass. 398. *McGee* v. *Boston Elevated Railway,* 187 Mass. 569. *Wadsworth* v. *Boston Elevated Railway,* 182 Mass. 572. *Faulkner* v. *Boston & Maine Railroad,* 187 Mass. 254. *Saxe* v. *Walworth Manuf. Co.* 191 Mass. 338.

*Exceptions overruled.*