CALEB A. MORSE, ADMINISTRATOR, *vs.* THE CONSOLI-
DATED RAILWAY COMPANY.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

In an action to recover damages for personal injury alleged to have been caused by the defendant's negligence, it is essential for the plaintiff not only to prove the negligence charged, but also that it was the proximate cause of the injury. While he may do this by circumstantial or presumptive evidence, he is bound to introduce evidence enough to remove the cause from the realm of speculation or conjecture, and to establish facts affording a logical basis for the inferences which he claims the jury should draw therefrom. If he fails to do this, as in the present case, a verdict may properly be directed for the defendant.

Declarations of the motorman of a street-railway car, as to how an

Morse *v*. Consolidated Ry. Co.

accident happened, made two or three minutes thereafter and before the car had left the place, are mere recitals of a past event and inadmissible as hearsay. Nor is such motorman the agent of the street-railway company for the purpose of making admissions as to its liability.

Argued October 29th—decided December 18th, 1908.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate, and alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Reed, J.;* the trial judge directed a verdict for the defendant, from the judgment on which the plaintiff appealed. *No error.*

*Charles S. Hamilton* and *Caleb A. Morse,* for the appellant (plaintiff).

*Harry G. Day* and *Thomas M. Steele,* for the appellee (defendant).

THAYER, J. The plaintiff seeks to recover damages for injuries received by his intestate in being struck and dragged along the highway by one of the defendant's cars. He alleges that the injuries were caused by the negligence of the defendant, in that its motorman in charge of the car ran it at an excessively high rate of speed and did not have it under control, that he failed to give the intestate any warning of any kind of the approach of the car, and also that he failed to stop it or get it under control after he discovered her peril. The parties were at issue to the jury upon a denial of these allegations.

The plaintiff introduced his evidence and rested his case, and thereupon the defendant, without introducing any evidence, rested its case and requested the court to instruct the jury to return a verdict for the defendant. The court complied with this request, and its action in so doing presents the chief question raised by the plaintiff's appeal.

It is not claimed that the court erred in directing the verdict, provided there was no evidence in the case from which the jury could reasonably find a verdict for the plaintiff. The plaintiff's claim is that there was such evidence.

Viewing the plaintiff's evidence from the aspect most favorable to him, the following are the only facts essential to the issues which are directly established by it: The intestate was a deaf and dumb girl four years and one month of age. On the morning of her injury her mother had given her a pencil and piece of paper and left her upon the veranda of their home to amuse herself. Shortly thereafter the girl was at a store upon the southerly side of the street and diagonally across from her home. A few minutes later she was observed upon the sidewalk in front of the store, facing toward the street as if about to step down into the traveled path. The width of the street was not proven, but, as shown by photographs which were in evidence, it was wide enough for the double tracks of the defendant's railway and a traveled path for vehicles upon each side of the tracks. The street was straight for several hundred feet easterly of the place of the accident, and was not much traveled. A few minutes after the intestate was observed on the sidewalk in front of the store, one of the defendant's cars came along, bound west upon the northerly or west-bound track. The attention of one of the witnesses was attracted to it by the loud sounding of the gong. She also heard the car stop with a jolt. After the car was stopped it was backed a trifle by the defendant's servants, and they then removed the intestate from under the fender, which was down, in front of the car. She was bruised and her clothing was torn. The piece of paper which her mother had given her to play with was found upon or near to the northerly rail of the west-bound track, about seventy feet easterly of the point where she was taken from under the fender. The dirt along the track between the two points "was kind of brushed up." There is an ascending grade toward the west, how steep did

not appear, between the two points. There is a down grade, a short flat or hollow, and an intersecting highway, which the car had passed before reaching the place where the paper was found. The injury occurred shortly after nine o'clock in the morning. The weather was damp and misty. It had rained earlier in the morning.

As respected the intestate, it was the duty of the defendant's motorman in the operation of its car to conduct himself as a reasonably prudent man would do under the circumstances existing at the time. To determine whether he did so, the jury must have those circumstances before them in the evidence. They could not properly be allowed to guess or surmise how the accident happened. Whether the motorman was guilty of negligence toward the girl depends upon their situation at the time relative to each other. The evidence entirely fails to show what this was. The girl may have been proceeding directly across the car tracks, she may have been at play upon them, or, having crossed them in safety, she may have turned suddenly and darted upon the track immediately in front of the car, to secure the paper or pencil or some other object dropped by her. If we assume that, as claimed by the plaintiff, a child of her age cannot be charged with contributory negligence, this did not excuse the plaintiff from showing what her conduct and situation was at and just previous to her being struck, as bearing upon the question of the motorman's negligence. It is claimed that the jury would have been warranted in finding that the child was struck at the place where the paper was found, and that, from the distance which the car went before it was stopped, it must have been driven at an excessive rate of speed, and therefore that the motorman was negligent.

But the plaintiff was bound to prove not only that he was negligent, but that such negligence was the proximate cause of the intestate's injury. The improper speed of the car may have concurred in point of time with the intestate's

injury without being the cause of it. Excessive speed being proved, the cause of the accident would still be a matter of conjecture with the jury. While the cause of the accident could be proved by presumptive evidence and need not be established beyond a reasonable doubt (*Bradbury* v. *South Norwalk,* 80 Conn. 298, 301, 68 Atl. 321), the plaintiff was bound by his evidence to remove the cause from the realm of speculation, and to establish facts affording a logical basis for the inferences which he claimed. *Childs* v. *American Express Co.,* 197 Mass. 337, 338, 84 N. E. 128; *Saxe* v. *Walworth Mfg. Co.,* 191 Mass. 338, 341, 77 N. E. 883; *Bond* v. *Smith,* 113 N. Y. 378, 384, 21 N. E. 128.

To have submitted the case to the jury upon the evidence introduced would have been to permit them to draw, from conjectural and not from proven facts, the inference that the defendant's negligence was the cause of the intestate's injuries. This could not properly be done, and the court was right in directing the verdict.

Evidence offered by the plaintiff to prove declarations of the motorman as to how the accident happened, made two or three minutes after the child had been taken from under the car and before the car had left the place, was properly excluded. The motorman was not the defendant's agent for the purpose of making admissions. The statement called for was in no way a part of the transaction out of which the claimed cause of action arose, but would have been a mere narration of a past event. As such, it was hearsay and inadmissible. *McCarrick* v. *Kealy,* 70 Conn. 642, 645, 40 Atl. 603.

There is no error.

In this opinion the other judges concurred.