JAMES H. PRYOR, ADMINISTRATOR, *vs.* DENNIS F. MURNANE
ET AL.

Third Judicial District, New Haven, January Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A plaintiff is bound to prove not only the negligence charged, but also
that such negligence caused the alleged injury. While it is not
necessary that he should exclude every possibility that the injury
may have been due to some cause other than the neglect of the
defendant, he is bound to introduce evidence enough to remove
the cause from the realm of speculation and place it upon a solid
foundation of facts, for the harmful effect of which the defendant
is responsible.

In the present case the plaintiff alleged that his child was drowned
because of the neglect of the defendants to erect a fence along
the bank of a river which formed the rear boundary of their
premises occupied by the plaintiff as their tenant; but the evi-
dence failed to show whether the child fell into the river from
the defendants' premises or those of an adjoining proprietor.
*Held* that under these circumstances the plaintiff was properly
nonsuited.

Whether the plaintiff could have recovered, even upon proof of his case
as alleged, *quære.*

Argued January 21st—decided April 14th, 1909.

ACTION to recover damages for negligence resulting in
the death of the plaintiff's intestate, brought to the
District Court of Waterbury, transferred to the Superior
Court in New Haven County and tried to the jury before
*Bennett, J.;* upon motion of the defendants the trial court
nonsuited the plaintiff; and from its refusal to set aside
such judgment the plaintiff appealed. *No error.*

*James M. Lynch,* for the appellant (plaintiff).

*Terrence F. Carmody,* for the appellees (defendants).

RORABACK, J. The plaintiff claims to recover damages

because of the negligence of the defendants in not erecting a fence in the rear of their lot, so as to prevent persons thereon from falling into the river, whereby his child was drowned.

The defendants, in their answer, admitted that they owned and controlled the lot in question, which was bounded on one end by the Naugatuck River, and that the second floor of the dwelling-house on this lot was occupied by the plaintiff and his family under a lease, when a little boy, one of the plaintiff's children, was drowned. The defendants denied all the remaining allegations of the complaint, and went to trial to the jury.

At the conclusion of the plaintiff's testimony the defendants moved for a nonsuit under the provisions of § 761 of the General Statutes, which motion was granted.

Subsequently the plaintiff filed a written motion to open the nonsuit, which the court denied. This action of the court presents the only question raised by the plaintiff's appeal.

An examination of the record discloses that the following material facts were established by the evidence or conceded by the defendants: The plaintiff's intestate, a boy nearly two years of age, was living with his father, mother and other children, on the second floor of a dwelling-house owned by the defendants. The lot on which the house stood, and another adjoining lot owned by other parties, was bounded by the Naugatuck River on the rear. A stone wall about ten feet high extended from the bank of the river to the level of both lots. There was no fence or barrier of any kind between either of these lots or between the lots and the river.

The plaintiff and his family occupied the tenement under an oral monthly lease, and the premises were in substantially the same condition on the date of the accident as when they first took possession of them several years before. The plaintiff and the members of his family used

the yard between the rear of the house and the river as a playground for the children, for drying clothes, and for other purposes, during the time they occupied these premises.

Upon the day of the accident the little boy was last seen alive by his mother about 11:25 a. m. in the rear yard engaged in play with other children. Nearly an hour later his dead body was found in the river about six feet south of the defendants' lot, opposite the land of the adjoining proprietor.

The plaintiff alleged in his complaint that his child fell into the water and was drowned owing to the negligence of the defendants in not erecting a fence along the river.

The burden of proof was upon the plaintiff, and he was bound to prove not only the defendants' negligence, but that such negligence caused his intestate's injury.

The testimony failed to show whether the boy fell into the water from the wall of the defendants, or that of the adjoining proprietor opposite the point where his body was found. The cause of the accident is left wholly to conjecture. While it is not necessary for the plaintiff to exclude every possibility that the accident may have happened through some cause other than the negligence of the defendants, he is bound to introduce evidence enough to remove the cause from the realm of speculation, and give it a solid foundation upon facts, for the harmful effect of which the defendants are responsible. *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 399, 71 Atl. 553.

It is unnecessary to inquire whether there could have been a recovery, had there been evidence that the boy fell into the river from the premises owned by the defendants, and on account of the lack of a fence thereon.

There is no error.

In this opinion the other judges concurred.