## DIAMOND PATENT CO. v. WEBSTER BROS.

SAME v. MURRAY et al.

(Circuit Court of Appeals, Ninth Circuit. February 18, 1918.)

No. 2997.

1. PATENTS ⊚⇒328—INFRINGEMENT—GLASS SHOWCASE.

The Weber patent, No. 801,944, for a glass showcase having the plates separated by a cushion of felt or other elastic material to prevent the vibration of one plate from being imparted to the conjoining plate, *held* not infringed.

2. WORDS AND PHRASES—"PLASTIC"—"ELASTIC."

The words "plastic" and "elastic" have entirely different meanings. "Plastic" applies to a substance capable of being molded and pressed into form, while "elastic" applies to a substance having the property of returning or springing back to its original form after being disarranged by pressure or applied force.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Elastic; Second Series, Plastic.]

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. PATENTS ⊚⟶324(5)—SUIT FOR INFRINGEMENT—REVIEW ON APPEAL.
   Where the trial court, in an infringement suit, has had the advantage
   of examining the alleged infringing article, an appellate court, without
   such advantage, will not disturb the conclusion reached, unless clearly
   against the weight of the evidence.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Suits in equity by the Diamond Patent Company against Webster Bros., a corporation, and against C. F. Murray and others. Decrees for defendants, and complainant appeals. Affirmed.

J. J. Scrivner, of San Francisco, Cal., and George E. Harpham, of Los Angeles, Cal., for appellant.

M. G. Gallaher, of Fresno, Cal., for appellees.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. These cases were consolidated in the court below for trial. Both are for injunction, one to restrain the manufacture and the other the use of a patented invention. The question presented is one of infringement. The patent pertains to glass showcases, and consists in the means of fastening one glass surface to another by use of an elastic substance, composition, or contrivance, so as to prevent breakage through communication of vibration of the glass plates. The conception is the insertion of a felt strip between the glass surfaces, bound thereto by cement applied to both sides of the felt, of such consistency and adaptability that it does not permeate the felt, forming a skin upon either side, thus producing a cushion having an elastic or resilient property, which serves to absorb vibration of the plates, and prevents its communication from one to another, and likewise breakage of the plates themselves. It is unnecessary to pursue the details of the invention further. A particular description of it may be had by reference to Diamond Patent Co. v. S. E. Carr Co., 217 Fed. 400, 133 C. C. A. 310.

[1] The claims are two in number, and are as follows:

"1. A structure comprising a plurality of glass plates, the edges of which are spaced from the adjacent plates, a felt cushion filling the space between the adjoining plates, the plates being cemented to the felt, each plate being adapted to freely vibrate in its natural plane of vibration, and prevented by the felt cushion from imparting its vibration to the adjacent plates.

"2. A structure comprising a plurality of glass plates, an unconfined edge of one plate nearly but not quite meeting another plate also with unconfined adjacent edge, an elastic material filling the space thus existing between the nearest adjacent surfaces of the plates, said plates being attached to the elastic material, whereby the plates by reason of their unconfined edges and the intervening elastic material can each vibrate or move in any direction independently."

The important feature of claim 1, so far as it pertains to the present controversy, is the felt cushion filling the space between the adjoining plates, and so adapted as to prevent the vibration of one plate from

being imparted to the conjoining plate. The distinguishing feature of claim 2 is that an elastic material for filling the space is substituted for the felt and its combination. There is testimony in the record tending to show that plaintiff has a compound of ground felt, combined with a special quality of cement, that has and retains the prop· erty of elasticity or resiliency, which absorbs vibration in the same way as the felt contrivance, thus forming a like cushion between the surface contact of the glass plates. It is claimed for this compound that it comes within the scope of the second claim, but, whether it does or not, the present controversy must be determined solely upon the evidence adduced at the trial.

[2] The witnesses for plaintiff, namely, Fred Weber, the patentee, and James P. Shaffer, have applied certain tests to glass showcases, manufactured by one of the defendants and now being used by the other, which they seem to think prove that the composition used in these showcases to unite the glass plates at their surface bearings possesses the same property of elasticity and resiliency as the invention of Weber, now the property of plaintiff. One of the tests consisted in inserting a knife blade or some sharp instrument between the plates, thus penetrating the compound for uniting the plates; and it is asserted that the compound was found to be soft, or plastic, and yielding, and to possess elasticity and resiliency, thus performing the same function as the Weber invention. These witnesses, however, confuse the terms "plastic" and "elastic," which do not mean the same thing at all. "Plastic" applies to a substance capable of being molded and pressed into form, while "elastic" applies to a substance having the property of returning or springing back to its original form, after being disarranged by pressure or applied force. The former becomes dead matter as its form is changed, while the other has the property of resuming its natural shape. The latter has resiliency; the other has not. Another test was to observe whether the compound would yield under pressure. If it did, the witnesses seemed to think that it was plastic or elastic, without distinction as to the signification of the terms.

Upon the other hand, defendants produced evidence to the effect that the substance used for uniting the glass plates in some of the cases consisted in the combination of a very narrow strip of felt with a cement that permeated the felt and overlaid the edges, and, when applied, became hard and practically homogeneous, thus destroying the resiliency of the felt. In other cases, the substance used was cement alone, which soon became rigid after use, and was without elasticity or resiliency. It was further claimed for the defendants that elasticity in the substance used for uniting the plates was of no advantage in preventing breakage, and that a substance which, while plastic when applied, became rigid when in place, was useful in the art, and was not attended with breakage of the glass after use. Tests were made by defendants' witnesses, who claim to have found that, while some of the substance used in the showcases was plastic and yielding, yet it was not elastic. Some of it, they say, was rigid and unyielding. The trial judge, however, with all the evidence before him, personally

inspected the showcases, and eventually denied the plaintiff's contention. While he rendered neither oral nor written opinion, he gave a decree dismissing the complaints. From all this we must presume that the court was of the opinion that the substance used in these showcases for uniting the glass plates did not infringe the plaintiff's patent, thus deciding the fact in issue.

[3] In such a case, the trial court having the advantage of seeing and especially examining the material which it is claimed infringes, an appellate court, without such advantage, will not disturb the conclusion reached, unless it appears clearly that the finding is against the obvious weight of the testimony.

We find no reason for disturbing the decree, and therefore affirm it.