Pedro Torres, Plaintiff and Appellee, *v.* Rafael Domínguez-Conde, Defendant and Appellant.

No. 3802.   Argued February 11, 1926.—Decided March 31, 1926.

*Hartzell, Kelley & Hartzell* and *Rafael O. Fernández* for the appellant.   *F. Cervoni Gely* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

In this action indemnity for loss and damages is claimed on allegations that the plaintiff had left his automobile one night on a side of the road between Las Piedras and Humacao and later a truck of the defendant passed so near the automobile that it was pushed forward and thrown over a precipice, thereby being rendered useless.

Judgment was rendered against the defendant and on appeal therefrom he alleges that the lower court erred in permitting, over his objection, the plaintiff and some of his witnesses to testify about alleged admissions made after the accident by Pedro Vasallo, the *chauffeur* of the defendant.

The only evidence introduced at the trial to show that the defendant's truck collided with the plaintiff's automobile consisted of the testimony to which this assignment of error refers, and it was so held by the trial court, which said:

"The second question covers the occurrence of the collision between the defendant's truck and the plaintiff's automobile.   To refute

it the attitude of this court in allowing various witnesses of the plaintiff to testify as to statements or admissions of the driver of the truck, Pedro Vasallo, is first attacked. Said statements were made, according to the evidence, soon after the accident, or when the plaintiff and some of his friends met driver Vasallo a few moments after his arrival at the garage, fifteen minutes according to Vasallo. It is alleged that because of the time elapsed such statements do not form part of the *res gestae*. In our opinion, given the fact that the driver did not stop his truck, it having been necessary to follow and overtake him, said statements can be considered as made immediately after the accident. But even admitting that such was not the case, they would always be admissible in evidence against the defendant, the owner of the truck, because they were made by this employee or agent and against them. . . We have had grave doubts with respect to whether or not the alleged collision occurred, but the admissions of Pedro Vasallo, the driver of the truck, made soon after the accident, voluntary statments heard by Eugenio Vélez, a corporal of the Insular Police, who has no interest in this matter, convince us that the negligence and carelessness of the truck driver, Pedro Vasallo, were the causes of the accident and the damage caused to the automobile of the plaintiff in this case.''

If that evidence were not admissible the judgment appealed from would have to be reversed.

The court below based the admission of that evidence on the case of *Rubio* v. *Garage Mayagüez, Inc.*, 23 P.R.R. 565, and cases therein cited. In that opinion it was said that perhaps error was committed by the lower court in its failure to permit a witness to testify as to statements made by the *chauffeur* with regard to his own negligence, because the admissions of an agent of a defendant are material and competent and an exception to the rule of hearsay, even though the agent is in court ready to testify. However, as the circumstances under which the admissions to which the case refers were made by that *chauffeur* do not appear from the opinion, we can not hold that the rule is applicable to the present case.

██ The statements of the defendant's employee could be admitted in evidence if they formed part of the facts consti-

tuting the principal act investigated (*res gestae*). It has been laid down as a general rule that in order to constitute a part of the *res gestae* an act or a declaration must be contemporaneous with the act of which it is alleged to be a part, as otherwise it amounts to nothing more than a narrative. 22 C. J. 451, sec. 543. In accordance with that rule the Supreme Court of the United States, in the case of *Vicksburg & Meridian Railroad* v. *O'Brien*, 119 U. S. 99 (30 L. Ed. 299), wherein it was of decisive importance to determine whether a train was running at a speed of more than fifteen miles per hour and wherein the testimony of a witness in regard to the declaration of the engineer of that train, made between ten and thirty minutes after the occurrence of an accident to the effect that the train was moving at the rate of eighteen miles an hour when the plaintiff was injured, and after stating the rules on that question, held that the testimony in regard to that declaration of the engineer was not admissible in evidence for the purpose of proving the rate of speed at which the train was moving because it was made after the accident had become a completed fact; it was the mere narration of a past occurrence and formed no part of the *res gestae*. The same view was taken by the Supreme Court of California in the case of *Durkes* v. *Cen. Pacific R. R. Co.*, 69 Cal. 533, with respect to the declaration of the engineer explaining the accident made about five minutes after it happened because it was not a part of the *res gestae;* and in the case of *Frye* v. *St. Louis I. M. & S. R. Co.*, 200 Mo. 377, 98 S. W. 566, was also excluded the evidence of a statement of the engineer having charge of the locomotive that injured the plaintiff, made in the first station where he stopped after the accident to the effect that he had injured a man on the railroad track. There are many other similar cases, as those of *Tennis* v. *Interstate Consol. Rapid Transit Ry. Co.*, 45 Kan. 503, 25 Pac. 876; *Morse* v. *Consolidated R. Co.*, 81 Conn.

395, 71 Atl. 553, and *Blackman* v. *West Jersey & S. R. Co.*, 68 N. J. L. 1, 52 Atl. 370

█ Therefore, as the statement made by the defendant's *chauffeur* was not admissible and that was the only evidence to support the judgment, we must reverse it and dismiss the complaint.