EVELYN ROCKHILL *vs.* THE WHITE LINE BUS COMPANY.

Third Judicial District, New Haven, January Term, 1929.

WHEELER, C. J., HAINES, HINMAN, BANKS AND JOHN RUFUS BOOTH, Js.

Argued January 15th—decided April 6th, 1929.

*Hugh J. Lavery,* for the appellant (defendant).

*David Goldstein,* for the appellee (plaintiff).

HAINES, J.   The plaintiff was a passenger for hire in a bus operated by the defendant in the city of Bridgeport and was injured when the bus collided with a standing truck.   The defendant moved the court to set aside the verdict and upon the denial of the motion appealed to this court assigning three grounds of error: (a) in refusing to set the verdict aside, (b) that the verdict was excessive, and (c) in admitting the statement of the defendant's bus driver as part of the *res gestœ.*   The reasons assigned in the motion to set the verdict aside are, that it was contrary to law, and contrary to and against the weight of the evidence.

It does not appear from the record that any claim was made to the trial court that the verdict was excessive or that that question was ever passed upon by that court.   In any event, we cannot say from the evidence, all of which is before us, that the verdict was so unreasonable that it was the duty of the trial court to set it aside.   If the jury believed the evidence given in behalf of the plaintiff, as they were privileged to do, the verdict does not impress us as excessive.   Moreover, fixing the amount of damages is peculiarly the province of the jury and being accepted by the judge, who also heard all the evidence, this court will not overrule such action save for compelling reasons, and these do not appear in this case.   The negligence of the defendant's driver is not contested in argument or brief, and the apparently conceded fact that the bus ran into a standing truck goes far in itself to establish this feature of the case.   It is argued that there was contributory negligence on the part of the plaintiff, but

we are satisfied that this claim was not maintainable, according the plaintiff the most favorable construction of the evidence, as we are required to do.

The third assignment of error is the admission of the testimony of the truck driver that the bus driver told him the reason for the collision was the failure of the brakes on the bus. The evidence was admitted over the objection of the defendant, on the ground that the statement of the bus driver was part of the *res gestœ*.

If after an occurrence of this sort had taken place, so it could not be considered otherwise than as a past occurrence, someone had asked the driver of the bus what caused it to run into the truck, his answer "no brakes," as it related to a past event, would not have been admissible as part of the *res gestœ*. *McCarrick* v. *Kealy*, 70 Conn. 642, 40 Atl. 603; *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 71 Atl. 553.

The appellee, however, urges that under the circumstances of this case and the authority of *Perry* v. *Haritos*, 100 Conn. 476, 124 Atl. 44, the admission of this evidence was proper. The element of time is an important and in most cases a decisive factor in determining whether the declaration is so nearly contemporaneous with the event to which it relates as to make it essentially a part of the event itself. But in other cases the circumstances may be such that it is necessary to consider another element, that of the spontaneity of the utterance; and in determining whether it is of this character, the element of time is relatively of less importance, the decisive question being whether the utterance was made under circumstances of physical shock or nervous excitement and "under immediate and uncontrolled domination of the senses" and before reasoned reflection had taken place. In the *Perry* v. *Haritos* case the driver of a truck struck a pedestrian. After the truck came to a stop and the driver had

alighted, he said to a policeman who came up, "Arrest me, officer. It is my fault." Upon the trial the court ruled that the testimony of the officer as to this statement was inadmissible as part of the *res gestæ*. In holding this to be error, we recognized an exception to the general rule where the utterance was spontaneous, saying: "When the declaration follows some startling occurrence and is made with reference to it by one having an opportunity to observe the matter of which he speaks, and in such close connection to the event and under such circumstances as to negative the opportunity for deliberation and fabrication and to indicate that it was a spontaneous utterance growing out of the nervous excitement and mental and physical condition of the declarant, it is reasonably probable that it is trustworthy. The spontaneity of the utterance is the guaranty of its trustworthiness. . . . The relation of the utterance in point of time to the accident or occurrence, while an important element to be considered in determining whether there has been opportunity for reflection, is not always decisive. The element of time, the circumstances and manner of the accident, the mental and physical condition of the declarant, the shock produced, the nature of the utterance, whether against the interest of the declarant or not, or made in response to question, or involuntary, and any other material facts in the surrounding circumstances, are to be weighed in ascertaining the basic conclusion whether the utterance was spontaneous and unreflective and made under such circumstances as to indicate absence of opportunity for contrivance and misrepresentation. . . . Before admitting such utterance, the trial judge must decide the preliminary question, and determine that the declarant has had no opportunity for deliberation and reflection and that the utterance was a spontaneous one. His decision upon such a pre-

liminary question will be left to his discretion, unreviewable by us, unless his conclusion be found to have been an unreasonable exercise of discretion."

The finding in the present case does not fix the element of time with certainty. It does not show that the utterance "no brakes" was in response to any question put to him, but in both its form and substance rather suggests a spontaneous declaration which was against his own interest. The witness was asked how soon after the crash occurred he went over to the driver of the bus. He replied, "Why in three minutes, as fast as I could get out of my car." The next question was, "Well, it didn't take you three minutes to get over from your car?" To which he replied, "I know, but it was an interval because there was more than one car in the accident." He was then asked whether he "Got over simultaneously with the crash," and replied, "Yes, sir." If the interval of time had been in fact three minutes, the utterance would doubtless have been excluded and properly so. But the explanation made by the witness shows that his first estimate of the time was wrong and that it was less than three minutes. The acts of the witness were consecutive. He got out of his car as quickly as he could after the crash occurred, and went directly to the bus driver. The trial court apparently took this view of the incident and regarded the utterance of the bus driver as a spontaneous one made without opportunity for deliberation and reflection. We think the court was justified in this view and that the ruling was correct under the authority of *Perry* v. *Haritos, supra.*

A careful review of the evidence discloses ample and reasonable grounds for the conclusion reached by the jury.

There is no error.

In this opinion the other judges concurred.