SARAH THOMPSON, PLAINTIFF-RESPONDENT, v. GIANT TIGER CORPORATION OF CAMDEN, NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October 30, 1936—Decided January 28, 1937.

For the defendant-appellant, *Andrew M. Cella.*

For the plaintiff-respondent, *Horace G. Brown.*

The opinion of the court was delivered by

WELLS, J. On September 10th, 1935, the plaintiff, Mrs. Sarah Thompson, accompanied by her husband, was a business visitor at the defendant's store in the city of Camden. She had just purchased a ten-pound bag of sugar at the grocery counter, when as she left the counter—being about two feet away—she slipped on something black on the floor and fell, and was injured. She brought suit against the defendant in the Supreme Court, alleging in her complaint that she was an invitee of defendant and while engaged in making purchases of merchandise she slipped on a piece of foreign substance, "which the defendant, knowingly and/or negligently, permitted to remain on its store floor for a long period of time," and was thereby injured; and she further alleged that the defendant was "negligent in failing to make reasonable inspection of its premises for the safety of the plaintiff and other customers."

The case was tried at the Camden Circuit, the jury rendering a verdict in her favor for $3,500, and from the judgment entered on this verdict the defendant brings this appeal.

The defendant sets down seven grounds for reversal, only two of which are properly before us. The first has to do with the trial court's permitting the plaintiff to testify to statements which she claims the clerk, who waited upon her, made,

as he "picked her up" from the floor. The second is that the trial court erroneously refused to grant a nonsuit.

The plaintiff's husband died before the trial and the plaintiff was the only witness to testify to the condition of the floor and the circumstances of her fall.

In answer to the question: "Mrs. Thompson, what was it you slipped on?" she said, "well, it was something black on the floor; there were several pieces of it."

She later spoke of the substance as "spots" and again as "it," saying that "it was fastened to the floor, that it was no part of the floor but stuck to the floor." She said that in company with her husband and the clerk, who had shown her these spots, she looked at them after her fall but that she hadn't any idea what they were.

There was no testimony as to the length of time the black "spots" or "pieces" had been on the floor, or that the defendant or any of its agents had placed them there or knew of their presence.

The plaintiff, confronted with this predicament, endeavored to show, by her own testimony as to what the clerk said to her when he assisted her from the floor, that the defendant knew in the morning (the accident having occurred at one-thirty o'clock in the afternoon) of the presence of the substance on the floor and did nothing in the meantime to remedy the condition.

The trial court allowed the plaintiff to testify that when the clerk picked her up he said, "I am very sorry, lady, I am very sorry. I told the manager to have some one clean that up this morning; I don't see why it wasn't cleaned up."

The trial court admitted this evidence, over objection and exception, observing at the time that he thought that the statement the clerk made under the circumstances and conditions was admissible, adding: "How far it may affect the defendant is another question, * * .*." In charging the jury, however, the court referred to the fact that there was no testimony in the case as to the substance that was on the floor that caused the plaintiff's fall, and that there was no "testimony as to how it got there or for how long it had

been there other than the statement from the plaintiff that one of the clerks said he had told the manager that morning to have it cleaned up."

The law is fully settled in this state that a proprietor of a store is not an insurer but is merely liable (1) for defects of which he knows, or (2) defects which have existed for so long a time that, by the exercise of reasonable care, he had both an opportunity to discover and to remedy. *Bader* v. *Great Atlantic and Pacific Tea Co.*, 112 *N. J. L.* 241; *Taylor* v. *Roth & Co.*, 102 *Id.* 702; *Bodine* v. *The Georke Co.*, *Ibid.* 642. In the absence of proof of either, the legal presumption is that defendant had used reasonable care. *Schnatterer* v. *Bamberger et al.*, 81 *Id.* 558; 79 *Atl. Rep.* 324.

"A mere fall of a person on the premises of another without any evidence to show how the fall was occasioned, raises no presumption of negligence on the part of the owner, and the doctrine of *res ipsa loquitur*, which is only applicable when the thing shown speaks of negligence of the defendant, not merely of the happening of an accident, does not apply." *Garland* v. *Furst Store*, 93 *N. J. L.* 127.

The plaintiff contends that the remarks alleged to have been made by the clerk were properly admitted in evidence by the trial court for the reason that they were part of the *res gestæ*, and, as authority for this contention, cites *Hunter* v. *State*, 40 *N. J. L.* 495; *State* v. *Kane*, 77 *Id.* 244. *Trenton Passenger Railway* v. *Cooper*, 60 *Id.* 219; 37 *Atl. Rep.* 730; *Murphy* v. *George Brown & Co.*, 91 *N. J. L.* 412, and other cases.

The defendant, on the other hand, cites *Blackman* v. *West Jersey Seashore Railway Co.*, 68 *N. J. L.* 1; 52 *Atl. Rep.* 370: *Hayes* v. *Jersey City H. and P. Street Railway Co.*, 73 *N. J. L.* 639; 64 *Atl. Rep.* 119; *Higgins* v. *Georke Kirch Co.*, 91 *N. J. L.* 464, and other cases, and argues forcefully therefrom that the *res gestæ* was over at the time the clerk made the remarks attributed to him, and that the remarks therefore did not synchronize with the main occurrence—the fall—so as to be incidental to or practically a part of it, as *res gestæ*.

Several of the cases cited on the brief of one party to this litigation appear on the brief of the other and tend to illustrate the aptness of Chief Justice Beasley's comment in *State* v. *Hunter*, 40 *N. J. L. supra* (at *p.* 536), to wit:

"Now I think I may safely say that there are few problems involved in the law of evidence more unsolved than what things are to be embraced in those occurrences that are designated in the law as the *res gestæ*. The adjudications on the subject, more especially those in this country, are perplexingly variant and discordant."

However, our examination of the cases submitted on the briefs of the respective parties, as well as other cases on the subject, leads us to the conclusion that the opinion of the late Chief Justice Gummere in the case of *Blackman* v. *West Jersey and Seashore Railway Co., supra,* correctly enunciates the principal of law applicable to the instant case. In the Blackman case the plaintiff was injured in a fall received by her while alighting from a trolley car of the defendant company.

At the trial she offered herself as a witness in her own behalf, and having stated that her fall was caused by the sudden starting of the car while she was on the running board, and that it was stopped again as soon as possible after she was thrown, and that the conductor then came to her and helped her up, was then asked what the conductor said to her, if anything. The question was formally objected to, but was permitted upon the ground that what the conductor said was part of the *res gestæ*. The answer was: " 'It is too bad,' he says, 'are you hurt?' I said to him: 'I signaled you to let me get off, and you answered me.' He said: 'I know I did, but I forgot you. It is entirely my fault.' " The chief justice then said:

"The rule with relation to the admission of declarations upon this ground is that where the declaration is concommitant with the main fact under consideration, and is so connected with it as to illustrate its character, it may be proved as a part of the *res gestæ;* but, where it is merely narrative of a past occurrence, it cannot be received as proof

of the character of that occurrence. *Greenl. Ev.*, § 108; *Castner* v. *Sliker*, 33 *N. J. L.* 95, 97. Tested by this rule, we think the question should have been excluded. If the words attributed to the conductor had been exclamatory, and coincident with the happening of the accident, they would undoubtedly have been illustrative of its character, and proof of them would have been admissible. They were, however, not spoken until after the accident had occurred; and, although the time which had elapsed between the happening of the accident and the making of the declaration was very short, still the words were merely narrative of the conditions which had brought it about."

The facts in the instant case are analogous to those in the Blackman case and for the reasons stated therein the testimony of the plaintiff as to what the clerk said to her after the accident should not have been received by the trial court as a part of the *res gestæ*.

As in the Blackman case, it is also suggested in the instant case that the testimony was competent as the admission of an agent of the defendant corporation which bound the principal. We cannot concur in this.

"The rule is too firmly established in this state to admit even of discussion that only words which are spoken or acts which are done by an agent in the execution of his agency are admissible in evidence against the principal." *Hayes* v. *Jersey City H. and P. Street Railway Co., supra,* citing *Ashmore* v. *Pennsylvania Steam Towing Co.,* 38 *N. J. L.* 13; *Huebner* v. *Erie Railroad Co.,* 69 *Id.* 327, 330; 55 *Atl. Rep.* 273.

There is nothing in the case to show that the clerk, who is alleged to have made the statement, had any authority to make statements binding upon the defendant corporation. The undisputed testimony is that the clerk who picked the plaintiff up was the same clerk who sold her the sugar, and in the absence of any proof to the contrary, the duty of this clerk would seem to be limited to the selling of merchandise and to collecting the money therefor, and the scope of his authority should not by inference be extended beyond that.

The admissions of the clerk were manifestly not made in

pursuance of his duty to his employer and cannot therefor bind the latter. *Blackman* v. *West Jersey and Seashore Street Railway Co., supra.*

The plaintiff argues on his brief that the ground of appeal having to do with the admission of the plaintiff's testimony as to the statements of the clerk should not be considered by this court because the reasons argued in support of this ground are not the same as those upon which the objection was made at the time of the trial.

Our examination of the record leads us to the conclusion that there is no merit in this contention.

We think that the question is properly before us for consideration and we are of the opinion that the trial court erred in admitting this testimony. Without this testimony there was no evidence of negligence on the part of the defendant to submit to the jury and nothing from which negligence of the defendant could be reasonably inferred.

The judgment under review, is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.