CLARENCE K. EAGLES *vs.* NATIONAL PLATE & WINDOW GLASS CO. INC.

Suffolk. October 7, 1942. — December 1, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence*, Contractor, Use of way. *Proximate Cause.*

Evidence of the circumstances in which a pedestrian was injured when a dark substance fell into his eye as on a windy day he was travelling on a sidewalk near an uncovered scaffolding upon which men were working with a plastic substance warranted findings that the substance that caused the injury was some of that plastic substance and that the workmen were negligent.

TORT. Writ in the Superior Court dated February 21, 1940.

The case was tried before *Higgins*, C.J.

*H. E. Cryan & J. A. Bradley,* for the defendant, submitted a brief.

*I. Perlman,* for the plaintiff.

DOLAN, J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff as a result of the defendant's negligence in the circumstances recited below. At the close of the evidence the defendant moved for a directed verdict in its favor. The motion was denied subject to its exception, and the jury returned a verdict for the plaintiff.

The evidence would have warranted the jury in finding the following facts: On November 20, 1939, the defendant was engaged as a contractor in installing a store front of black tile (commercial glass) above the first floor of a building located at 155 Portland Street, a public highway in Boston. In so doing it was using a plastic substance as a base. The work was being performed upon a staging erected upon the sidewalk. The staging rose to about seven feet above the sidewalk, and there was "no covering whatever on" it. On the day of the accident the plaintiff had made a delivery to a store in the premises involved. Returning, as he walked along the sidewalk near the staging "he felt something drop into his eye; he felt a severe pain and burning sensation in his eye." He looked up and saw two men working on the side of the store front. He did not know where the substance that got into his eye came from; "it could have come from many sources . . . [but] he was pretty sure it came from the staging where the men were working because he looked up and there were other pieces falling down." It was a cold day and the wind was blowing "very hard." The plaintiff visited a doctor who removed several particles of dirt or dark substance of some kind from his eye. The particles were "very dark, possibly bits of cement." On a second visit to the doctor "another small particle" was removed from the plaintiff's eye.

The sole contention of the defendant is that the evidence was insufficient to warrant a finding that there was a greater likelihood that the plaintiff's injuries resulted from an act of negligence for which the defendant is responsible than

from a cause for which it is not liable.   The burden rested upon the plaintiff so to prove, but he was not bound "to exclude every possibility that the accident may have happened through some cause other than the negligence of the defendant, [although] . . . bound to introduce evidence enough to remove the cause from the realm of speculation, and [to] give it a solid foundation upon facts, for the harmful effect of which the defendant is responsible."   *Childs* v. *American Express Co.* 197 Mass. 337, 338.   *Rocha* v. *Alber*, 302 Mass. 155, 157, 158.   *Mucha* v. *Northeastern Crushed Stone Co. Inc.* 307 Mass. 592, 597.   Applying these principles in the present case, we think that it could not have been rightly ruled that the evidence would not warrant the jury in returning a verdict for the plaintiff.   The defendant admitted that it was engaged in installing a store front of commercial glass.   The evidence was to the effect that the installation was of black tile, and that in so doing it was using a plastic substance as a base.   The jury could draw on common knowledge to find that a plastic substance is one capable of being moulded and pressed into form; that in its use for setting tile or glass it would be employed while soft and not in rigid form; and that cement is a plastic substance, which when employed for like purpose would be used in a solution of some degree, that is, in a soft form. See *Diamond Patent Co.* v. *Webster Bros.* 249 Fed. 155, 157; *Brunswick-Balke-Collender Co.* v. *Seamless Rubber Co. Inc.* 27 Fed. (2d) 925, 926.   They would be warranted, we think, in finding that when used as in the present case particles of the plastic substance would be apt to drop from the uncovered staging and in so doing fall upon passers-by in the highway.   While the plaintiff did testify that at the time of the accident the wind was blowing very hard, that he did not know where the substance that "got in" his eye came from, and "that it could have come from many sources," yet as he last left his testimony, he stated that "he was pretty sure" that it came from the staging in question, because he looked up and there were other pieces "falling" down.

The case is close, but we think that the jury could find

properly, as they apparently did, that the injuries complained of by the plaintiff were caused by the negligence of the defendant.

*Exceptions overruled.*